[Civil No. 2441.   Filed January 7, 1926.]

[242 Pac. 435.]

In the Matter of the Estate of B. H. SPEAR, also Known as BENJAMIN SPEAR, Deceased.  J. H. KNIGHT, Petitioner for Letters of Administration, Appellant.

1. EXECUTORS AND ADMINISTRATORS — EX PARTE RULING DENYING APPOINTMENT AS ADMINISTRATOR HELD NOT APPEALABLE.—Denial by court on own motion of *ex parte* petition for appointment as administrator is not appealable under Civil Code of 1913, paragraph 1227, where there is no defendant or adverse party upon whom notice of appeal could be served as provided by paragraph 1235, and service of notice on court and judge thereof not being authorized.

2. EXECUTORS AND ADMINISTRATORS—APPELLANT IN EX PARTE ORDER, DENYING APPOINTMENT AS ADMINISTRATOR, CANNOT COMPLY WITH STATUTE PRESCRIBING MAKING AND SERVING OF COST BOND.—Civil Code of 1913, paragraph 1227, subdivision 3, authorizing appeal from order refusing letters of administration, does not permit appeal from *ex parte* order on court's own motion, where there are no adverse parties upon whom notice can be served or to whom bond can run as provided by paragraph 1237, and making state obligee in bond is not sufficient.

3. EXECUTORS AND ADMINISTRATORS — PROCEEDINGS TO REVIEW EX PARTE PETITION DENYING APPOINTMENT AS ADMINISTRATOR SHOULD MAKE COURT OR JUDGE PARTY THERETO.—Proceedings to review ruling on *ex parte* petition denying appointment as administrator should take such form as to make court or judge a party thereto.

See (1) 23 **C. J.**, p. 1066, n. 89.   (2) 3 **C. J.**, p. 1104, n. 32; p. 1132, n. 98; p. 1133, n. 5.   (3) 23 **C. J.**, p. 1066, n. 89 New.

APPEAL from a judgment of the Superior Court of the County of Mohave.   E. Elmo Bollinger, Judge. Appeal dismissed.

Mr. C. W. Herndon (Mr. Frank O'Connell, of Counsel), for Appellant.

ROSS, J.—J. H. Knight, herein designated appellant, filed his petition in the superior court of Mohave county, sitting in probate, for his appointment as administrator of the estate of B. H. Spear, deceased. Without hearing, on the date set therefor, the court of its own motion denied the petition. No one contested the application for letters or appeared asserting any adverse interest. At the time of the court order refusing such letters, the proceeding was purely and wholly *ex parte*. It is not necessary to state the contents of petition, other than that it contained all the necessary facts to confer jurisdiction on the court.

The proceeding in this court also is *ex parte;* there being no adverse party. The difference is between the appellant and the court or judge thereof, and yet the latter is not a party. That the ruling of the court was not a ruling or an order mentioned in our appeal statute (paragraph 1227, Civ. Code 1913) from which, under the peculiar facts of this case, an appeal may be taken, is apparent, since there was no defendant or adverse party upon whom notice of appeal could be served as provided by paragraph 1235, Id. Appellant accordingly served notice upon the court and judge thereof. This is clearly not the notice of the statute.

The appellant was also confronted with the further difficulty of making a cost bond on appeal, as provided in paragraph 1237 et seq., Id., because there was no obligee for the bond to run to. He made his bond run to the state, but it should have run to the adverse successful party. An appeal bond is defined by 3 C. J. 1104, section 1136, as follows:

"An appeal bond is a voluntary obligation entered into by the appellant and his sureties, as obligors, and the appellees as obligees, conditioned that the

obligors shall prosecute the appeal with effect or answer to the liability created by the bond.''

It is true that subdivision 3, paragraph 1227, *supra,* provides that an appeal may be taken from a judgment or order refusing letters of administration, but the subsequent provisions as to notice of appeal and bond on appeal cannot be complied with in this case; there being no adverse party upon whom notice can be served or to whom the bond can run. The legislature has evidently failed to make provisions for an appeal except by giving notice and bond 'or, in lieu of bond, an affidavit of inability.

It is clear to our mind that the question involved is such that the proceeding to review the court's action should have taken such a form as that the court or judge would have been a party.

McALISTER, C. J., and LOCKWOOD, J., concur.