[Civil No. 3852. Filed February 7, 1938.]

[75 Pac. (2d) 1037.]

HATTIE L. MOSHER, a Widow, Appellant, v. VINCENT W. YOUNG, Appellee.

Mr. George F. MacDonald, for Appellant.

Messrs. Townsend & Jenckes, for Appellee.

Messrs. Kibbey, Bennett, Gust, Smith & Rosenfeld, *Amici Curiae.*

LOCKWOOD, J.—This is an appeal by Hattie L. Mosher, hereinafter called defendant, from a judgment in favor of Vincent W. Young, hereinafter called plain-

tiff. The brief of defendant utterly fails to comply with the rule of this court requiring a concise statement of the ultimate facts of the case sufficient to inform us of its nature, and we might well dismiss the appeal upon this ground. We have concluded, however, to examine the abstract of record ourselves, and prepare therefrom a statement of facts sufficient for us to discuss the assignments of error made in defendant's brief.

Plaintiff brought suit against defendant and many other parties, C. Claude Dye being the only one whom we need refer to, to foreclose a mortgage on certain property belonging to defendant. Dye answered, admitting the mortgage, but claiming that he had a prior lien on the property covered thereby on account of a certain tax certificate of sale, setting up the facts in regard to his ownership of said certificate. Defendant answered with a general demurrer and a denial as to all of the allegations of the complaint, except the making of the note and mortgage. This answer was filed on the 20th of June, 1934. The case then proceeded in a leisurely manner through the court for almost a year and a half, there being many motions, affidavits of bias and prejudice, settings, continuances, and other dilatory proceedings, until the 13th of November, 1935, when the matter came up for trial; all parties being present in person or by attorney. At this time defendant Mosher, for the first time, made an oral motion for a continuance under chapter 9, Session Laws 1935, commonly known as the Mortgage Moratorium Act, and announced she would take no further part in the trial. Plaintiff and the other defendants then introduced their evidence, and the court took the matter under advisement, granting leave to defendant Mosher to file a written motion for continuance on the ground above stated, and the other parties time to answer it. The trial judge held the whole matter under advise-

ment for some time, and finally denied the application for a continuance, but stated that when judgment was rendered a stay of execution would be granted until January 1, 1937. Formal judgment was rendered on June 17, 1936, which fixed the Dye claim, by reason of his certificate of sale for taxes, as a first lien on the proceeds from any execution sale of the premises, granted the prayer of plaintiff for a foreclosure of the mortgage, and stayed the execution under the judgment as above stated. On December 15, 1936, just before the expiration of the statutory time for appeal, defendant gave her written notice of appeal from the judgment of June 17th, and thereafter perfected it, and brought the present record before us.

There are two assignments of error only, which read as follows:

"1. We assign as error the action of the trial court in refusing a continuance under the Moratorium Act.

"2. We assign as error the rendition herein of any judgment for any sum in favor of Dye on account of his tax purchase."

We will consider the second assignment. Both plaintiff and defendant Dye contend that it cannot be maintained for the reason that Dye was never served with the notice of appeal; that the appeal bond is made payable only to plaintiff and does not run to Dye; that the notice of filing of reporter's transcript was served only upon plaintiff, and not upon Dye; and, indeed, that nothing whatever relating to the appeal was served upon Dye or his counsel until some time after the time for perfecting an appeal from the judgment had expired when a copy of the abstract of record was served.

We are of the opinion that the point is well taken, if Dye was a necessary party to the appeal. *In re Gilbert's Estate, Oie* v. *Moss,* 50 Ariz. 1, 68 Pac. (2d) 673. We have stated in the case of *Neil* v. *Chris-*

*man,* 26 Ariz. 566, 229 Pac. 92, that the necessity of making a party to a case below a party to the appeal depends upon whether he has an interest in opposing the object sought to be accomplished by the appeal. In that particular case, it is true we held that the missing party was not a necessary one, for the reason that he would not be injured either by the affirmance or the reversal of the judgment. The judgment in the case cited gave Chrisman, the plaintiff, a prior lien upon certain property, and McCluskey, the missing party, a second lien. Neil appealed only from that part of the judgment which adjudicated the rights between him and Chrisman, taking no appeal from so much of the judgment as gave McCluskey a second lien on the property. If the judgment were affirmed under these circumstances, McCluskey got exactly what the trial court had given him. If, on the other hand, it were reversed, it advanced his second lien to a first lien. Obviously he had no interest in opposing the appeal. In the present case, the appeal is from the whole judgment. If it be reversed, the first lien which Dye now has upon the mortgaged property will be vacated, and he will have lost that security for his debt. We think that he had an interest in opposing the object sought to be accomplished on the appeal by defendant Mosher and was, therefore, a necessary party to the appeal. Such being the case, it might well be said that the appeal should be dismissed on the ground of a failure of the necessary parties. *Oie* v. *Moss, supra.* But, whether that be true or not, certainly the assignment of error which goes to the validity of the judgment in favor of Dye cannot be urged when he was not given proper notice of the appeal and the bond does not run in his favor. Sections 3663, 3664, Rev. Code 1928; *Estate of Spear,* 29 Ariz. 377, 242 Pac. 435.

We consider then the first assignment of error, that the court erred in not granting the motion for

a continuance. The statute under which this motion was made reads, so far as material, as follows:

"Sec. 2. *Actions for Foreclosure.* In all actions for the foreclosure of real estate mortgages now pending, in which final judgment has not been rendered, and in all actions hereafter commenced for the foreclosure of real estate mortgages or on notes secured thereby executed prior to March 4, 1933, in any court in the state, said court, upon application of either the plaintiff or the defendant in such action, provided said defendant is not in default for want of pleading, and unless upon hearing of said application good cause is shown to the contrary, may order such cause continued for a period not longer than March 4, 1937."

It will be seen upon an examination of the statute that the language authorizing the continuance is permissive, and not mandatory. It might perhaps be implied from the statement that "unless upon hearing of said application good cause is shown to the contrary" the legislature intended that the burden of proof was upon plaintiff to show a good cause for denial of the motion. Be that as it may, we think the record shows ample cause for the ruling of the trial court. This action was not begun until after the adoption of chapter 29, Session Laws 1933, which is in substance the same as chapter 9, Session Laws 1935, the latter merely being an extension of the two years time to which the operation of the first act was limited. Defendant Mosher could have invoked one or the other of these acts at any time after the commencement of the action. The record shows, however, that she first exhausted almost every dilatory motion known to our practice and secured a delay of a year and a half before the case was called for trial, and not until then did she move for a continuance on the ground of the Moratorium Law. Under these circumstances, we think the court had affirmative good cause for denying her request, but notwithstanding this, it granted her

what was in effect a moratorium which lacked only about two months of being the extreme length permitted by chapter 9, *supra,* by granting a stay of execution until January 1, 1937. Defendant does not seriously contend that there was any real defense to the mortgage, but merely that if the continuance had been granted she could have made arrangements to refinance her loan and pay off the mortgage. We think the reasons advanced by her for not being able to do this under a stay of execution when she might have done it with a continuance under the Moratorium Act, are frivolous and without merit.

No error of which we may take cognizance being called to our attention by defendant, the judgment of the lower court is affirmed.

McALISTER, C. J., and ROSS, J., concur.