581 P.2d 282

**Joan E. DUNN, Appellant,**

v.

**LAW OFFICES OF RAMON R. ALVAREZ, P. C., Ronald Joseph Borane and Rona Borane, husband and wife, Appellees.**

**No. 2 CA–CIV 2758.**

Court of Appeals of Arizona, Division 2.

May 10, 1978.

Rehearing Denied June 14, 1978.

Review Denied July 11, 1978.

Southern Arizona Legal Aid, Inc. by Ruben Teran Sonoqui, Douglas, for appellant.

Ramon R. Alvarez, Douglas, for appellees.

## OPINION

HOWARD, Judge.

This is an appeal from an order refusing to set aside a judgment entered against appellant. The record shows that on November 23, 1976, appellees filed against appellant and her husband a "complaint for foreclosure". Attached to the complaint is a promissory note for $12,000 and a realty mortgage on a residence located in Cochise County. The note and mortgage purportedly bear the signatures of appellant and her husband. Process was served upon appellant by leaving a copy of the summons and complaint with her husband at their place of abode.

On December 14, 1976, an answer was filed. On March 21, 1977, appellees file a motion to strike the pleading of the Dunns on the ground that they had twice failed to appear for the taking of depositions. The motion was set for hearing on April 4, 1977 and subsequently continued to April 18, 1977.

At a hearing on the motion to set aside the judgment, appellant testified that she did not learn of the pendency of this lawsuit until early April 1977, when her husband's probation officer came to see her. On April 7, she went to see an attorney from Legal Aid. After seeing him, she went to the office of attorney Nell Burt, the lawyer who had filed the answer on behalf of herself and her husband. She had not previously spoken to Mrs. Burt about this case. She told Mrs. Burt that she did not understand why they could take her house because she had not signed the note and mortgage. Appellant testified that Burt told her that she was going to represent appellant's husband at the hearing on the foreclosure. Although Mrs. Burt did not specifically deny this, she did testify that at all times she represented both Mr. and Mrs. Dunn. On cross-examination ap-

pellant stated that she was served with a subpoena to appear for a deposition in January of 1977, but that it involved an automobile accident. In later questioning she described the document she had received as a summons. When shown a copy of the subpoena for the taking of her deposition she said that she didn't think she had ever received it. The process server who had served her with the subpoena for the taking of the deposition testified that he did in fact serve her.

Fernando Almendarez, an attorney with Legal Aid, testified that on April 7, 1977, appellant came to see him and he agreed to be her attorney in connection with several matters, including the foreclosure action. He telephoned Mrs. Burt on April 8, 1977, and spoke with her about the notarization on the mortgage. At that time Mrs. Burt admitted that the document, contrary to her notarization, was not acknowledged by appellant in her presence. According to Mrs. Burt, Mr. Almendarez did not definitely state that he was going to be substituted as attorney of record for Mrs. Burt.

On the same day that Mr. Almendarez spoke to Mrs. Burt, a Friday, he also spoke to Ramon Alvarez. He informed Mr. Alvarez that Mrs. Dunn had been to see him and told Mr. Alvarez the substance of his conversation with Mrs. Dunn. He did not, however, tell Mr. Alvarez that he represented Mrs. Dunn. Mr. Almendarez had looked in the court file and had seen that a hearing on appellees' motion to strike was set for April 18, 1977. He therefore started to do some research in preparation for filing a substitution of counsel and appearing for Mrs. Dunn in opposition to appellees' motion.

On Monday, April 11, without giving notice to Mrs. Dunn or Mr. Almendarez, Mrs. Burt and Mr. Alvarez appeared before the court and stipulated that the hearing set for April 18, 1977, could be held at that time. Mrs. Burt then filed a motion to withdraw as attorney of record for Mr. and Mrs. Dunn, and also filed a consent to the withdrawal signed by Mr. Dunn. The trial court heard testimony from Mr. Alvarez,

reserved a ruling on the motion of Mrs. Burt to withdraw and took the matter under advisement.

On April 12, 1977, Mr. Almendarez called Mr. Alvarez in order to get a continuance of the April 18, 1977 hearing. At that time Mr. Alvarez informed him that the hearing had been already held on April 11th.

It is not clear from the record when the court permitted Mrs. Burt to withdraw as attorney of record but an order was subsequently signed by the court permitting such withdrawal. On April 15, 1977, by minute entry, the court rendered judgment in favor of appellees and against appellants. A written judgment was signed the same day.

On May 5, 1977, appellant filed a motion for relief from the final judgment. A written order denying relief was signed by the trial court on July 11, 1977.

The determinative issue in this case is whether the trial court abused its discretion in not setting aside the judgment under Rule 60(c)(6), Arizona Rules of Civil Procedure which allows the court to grant relief for " . . . any other reason justifying relief from the operation of the judgment. . . . "

Subsection 6 of Rule 60(c) is available only in cases evidencing extraordinary circumstances and only when relief is based upon "any other reason" than a reason which would warrant relief under other subsections of the rule. *Stradley v. Cortez,* 518 F.2d 488, 493 (3rd Cir. 1975). We believe such circumstances exist here. This is so because of the conduct of Mrs. Burt. She knew that appellant claimed her signature was forged on the note and mortgage and knew that she had wrongfully notarized the mortgage. There was a conflict of interest between appellant and her husband, and equally important, there was a conflict of interest between Mrs. Burt and appellant, all of which precluded her from continuing as attorney of record. Yet, Mrs. Burt appeared before the trial court and stipulated to a hearing of the motion and the trial of the action without letting the court know the problem or notifying Mrs.

**440**

Dunn. To make matters worse, Mrs. Burt had filed no opposition to appellees' motion to strike[1] and after stipulating to the hearing, moved to withdraw as counsel of record. It was undisputed that Mrs. Dunn did not sign the note and mortgage. To permit the judgment to stand in this case would be a gross mockery of justice.

 Appellees contend that this appeal must be dismissed because of the failure to join a necessary party on the appeal, to-wit, Mr. Dunn. We do not agree. The necessity of making a party to a case below a party to the appeal depends upon whether he has an interest in opposing the object sought to be accomplished by the appeal. *Neil v. Chrisman,* 26 Ariz. 566, 229 P. 92 (1924); *Mosher v. Young,* 51 Ariz. 263, 75 P.2d 1037 (1938); *Pima County v. Grossetta,* 54 Ariz. 530, 97 P.2d 538 (1939). The object of this appeal is two-fold: (1) setting aside the foreclosure and (2) setting aside the money judgment against appellant.

Appellees suggest that Mr. Dunn is interested in maintaining the validity of the foreclosure action since, presumptively, the money judgment against him will be satisfied by the sale of the equity in the home. We find fault with this contention for two reasons. First of all, the record shows that there are two mortgages on the property which are senior to the one here. The record does not disclose that there is an equity in the house, or its value if there is. Secondly, setting aside the foreclosure does not mean that there has been a determination that the mortgage is invalid. That remains as an issue of fact to be determined by the trier of fact. If there is a determination that the mortgage was forged by Mr. Dunn and is thus invalid, Mr. Dunn cannot claim an interest in maintaining the validity of a judgment which rests upon his unlawful conduct.

The judgment in favor of appellees and against the appellant and that part of the judgment ordering and decreeing a foreclosure is hereby vacated and set aside and the case is remanded for further proceedings consistent with this opinion.

RICHMOND, C. J., and HATHAWAY, J., concur.

---

1. The date set in the subpoena for appellant's deposition was continued twice by appellees and the record does not show appellant was aware of the new dates set for the deposition.