425 P.2d 138

**Vernon WILLIAMS, Appellant,**

**v.**

**MAGMA COPPER COMPANY, Appellee.**

**No. 2 CA–CIV 337.**

Court of Appeals of Arizona.

March 15, 1967.

Rehearing Denied April 13, 1967.
Review Denied May 9, 1967.

William Messing, Tucson, for appellant.

Twitty, Sievwright & Mills, by John F. Mills, Phoenix, for appellee.

MOLLOY, Judge.

This is an appeal from a summary judgment against the plaintiff in a personal injury action brought under the provisions of Arizona's Employers' Liability Law, A.R.S. § 23–801 et seq. The plaintiff was a "chute-tapper" in defendant's San Manuel mine when he was seriously hurt in an explosion. There is no question but what the plaintiff was engaged in a hazardous occupation as defined in A.R.S. § 23–803 so as to be covered by the Employers' Liability Law. Neither is there any question but what the defendant-employer was a "self-rater" under the Workmen's Compensation Act, A.R.S. § 23–961(A) (3), and that there is coverage under this act.

The only question raised on appeal is whether under our constitutional and statutory law the plaintiff is precluded from bringing this action under the Employers' Liability Law by reason of the coverage of the Workmen's Compensation Act.

The appellant argues that because the Workmen's Compensation Act specifically

states that it "* * * shall not be construed as having repealed the sections of the statutes commonly known as the empolyers' liability law", A.R.S. § 23–1030, the appellant-workman may elect to sue under this latter act, even though he did not reject workmen's compensation prior to injury. If this is not so, and if it be the intent of the Workmen's Compensation Act to provide a mandatory alternative to the Employers' Liability Law, the appellant argues that such would be a violation of Section 7, Article 18, Arizona Constitution, A.R.S.[1]

■ The appellant's contentions have been determined adversely to him, impliedly, in Alabam's Freight Co. v. Hunt, 29 Ariz. 419, 242 P. 658 (1926), and, directly, in Corral v. Ocean Acc. & Guar. Corp., Ltd., 42 Ariz. 213, 23 P.2d 934 (1933). We see no cause to depart from these decisions. That rights under the Workmen's Compensation Act are intended to afford the exclusive remedy against the employer, when (1) there is coverage, (2) there has been no rejection of compensation prior to injury, and (3) there has been full compliance with the act by the employer in the way of posting notices, et cetera, is clearly indicated by the following language in the Workmen's Compensation Act:

"§ 23–906.

"A. Employers who comply with the provisions of § 23–961 as to securing compensation shall not be liable for damages at common law *or by statute* * * *"
(Emphasis added)

"§ 23–1022.

"A. The right to recover compensation pursuant to the provisions of this chapter for injuries sustained by an employee shall be the *exclusive remedy against the employer* * * *" (Emphasis added.)

A brief review of the history of the pertinent acts and constitutional provisions will bring this legislative intent into focus.

The original "Compulsory Compensation" law adopted in this state covered *only* employment declared and determined to be "* * * especially dangerous * * *" § 3164, Revised Statutes of Arizona, 1913. Such employment was given a statutory definition, § 3165, Revised Statutes, 1913, which was the same as the "hazardous occupations" covered by the Employers' Liability Law, as defined in § 3156 of the Revised Statutes of 1913.

In Consolidated Arizona Smelting Company v. Ujack, 15 Ariz. 382, 383, 139 P. 465 (1914), it was held that the election provisions contained within the act, as between Workmen's Compensation and Employers' Liability, could be exercised by the employee *after* injury, despite certain language in the act seemingly designed to accomplish a contrary result, because to construe the act otherwise would be a violation of the employee's "optional" rights as contained within Article 18, Section 8, of our Constitution.

Subsequently, our legislature adopted a new workmen's compensation act (Chapter 103, Laws of 1921), so as to broaden the coverage of the act and to make it clear that the legislature intended, in the case of "hazardous occupations" *only*, Section 60, Chapter 103, Laws of 1921, that a failure to reject prior to injury would constitute a conclusive election to accept workmen's compensation. Hazardous occupations were again given a statutory definition substantially the same as occupations covered by

[1]. "§ 7. Employer's liability law
"Section 7. To protect the safety of employees in all hazardous occupations, in mining, smelting, manufacturing, railroad or street railway transportation, or any other industry the Legislature shall enact an Employer's Liability law, by the terms of which any employer, whether individual, association, or corporation shall be liable for the death or injury, caused by any accident due to a condition or conditions of such occupation, of any employee in the service of such employer in such hazardous occupation, in all cases in which such death or injury of such employee shall not have been caused by the negligence of the employee killed or injured." Section 7, Article 18, Arizona Constitution.

the Employers' Liability Law (compare Section 46(6) of Chapter 103, Laws of 1921, to Section 3156, Revised Statutes, 1913).

In Industrial Commission of Arizona v. Crisman, 22 Ariz. 579, 199 P. 390 (1921), the 1921 Act was struck down as being a violation of Article 18, Section 8, Arizona Constitution, because of the provision providing for an election by failure to reject prior to injury as to those in hazardous occupations. It is clear from a reading of the *Crisman* decision that our Supreme Court considered that one of the primary motives of our legislature in adopting the 1921 Act was to provide a mandatory alternative (if there was no rejection of the act prior to injury) to the Employers' Liability Law. (See principal opinion by Ross, C. J., 22 Ariz. 579, 582, 199 P. 390, 392; the concurring opinion of Baker, J., 22 Ariz. 584, 199 P. 392; and concurring opinion of McAlister, J., 22 Ariz. 586, 594, 199 P. 392, 396.)

In 1925, Article 18, Section 8 of the Arizona Constitution was amended specifically for the purpose of validating the 1925 Workmen's Compensation Act, Chapter 83, Laws of 1925, which the legislature had adopted to replace the voided 1921 Act.[2]

The 1925 Act has remained substantially intact to this date. Though the 1925 Act covered many employments, it gave an option to reject the act prior to injury only to those in "hazardous employment," defined again in Section 46(6) in substantially the same terms as the description of those covered by the Employers' Liability Law. In Alabam's Freight Co. v. Hunt,

29 Ariz. 419, 242 P. 658 (1926), our Supreme Court held that such an option to reject prior to injury would have to apply to all employees covered by the Act, in order to comply with mandates of Sections 6 and 8 of Article 18, Arizona Constitution. By revising the Act to meet these constitutional requirements, the court refrained from striking down the entire Act. By reason of this decision, the language of the Act was modified in the 1928 Code so as to grant the option to reject prior to injury to all employees covered by the Act. Section 1430, Revised Code, 1928.

■ In view of this legislative and constitutional history, it is difficult for this court to see any merit in the appellant's contention that the Workmen's Compensation Act, and the 1925 constitutional amendment specifically adopted to authorize it, Section 8, Article 18, Arizona Constitution, do not intend, under the circumstances here, to deprive the workman of his remedy under the Employers' Liability Law.

■ As to the constitutional argument presented here, to the extent that there may be a conflict between the 1925 enactments and the guarantee of a remedy by way of an Employers' Liability statute, as expressed in Section 7, Article 18, Arizona Constitution, the 1925 constitutional amendment authorizing the 1925 Act must prevail, as a subsequent enactment. See Pressley v. Industrial Commission, 73 Ariz. 22, 30, 236 P.2d 1011, 1017 (1951).

Judgment affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.

2. See Ream v. Wendt, 2 Ariz.App. 497, 502, 410 P.2d 119 (1966), for a discussion of the background of the 1925 legislation and constitutional amendment.