289 So.2d 235 (1974)
Myrle GOTHREAUX, Plaintiff-Appellant,
v.
GULF OXYGEN COMPANY, INC., et al., Defendants-Appellees.
No. 4429.
Court of Appeal of Louisiana, Third Circuit.
January 25, 1974.
Alvis J. Roche, Lake Charles, for plaintiff-appellant.
Jones, Kimball, Patin, Harper, Tete & Wetherill by Kenneth R. Spears, Brame, Bergstedt & Brame by John E. Bergstedt, Stockwell, St. Dizier, Sievert & Viccellio by Robert W. Clements, Plauche, Smith & Hebert by Allen L. Smith, Jr., Hall, Raggio & Farrar by Frederick L. Cappel, Lake Charles, for defendants-appellees.
Before CULPEPPER, MILLER and DOMENGEAUX, JJ.
CULPEPPER, Judge.
This is an action in tort for damages for personal injuries sustained by plaintiff. He alleges he was severely burned by an electrical flash which occurred when he opened the door to an electrical gear box or transformer to add additional wiring to the equipment. Named as defendants are Gulf Oxygen Company, Inc., the owner of the gear box, Powell Electric Manufacturing Company, Inc., which manufactured it, and Sonnier Electric Company, Inc., which installed it.
Sonnier Electric Company, Inc. and its insurer filed a motion for summary judgment *236 on the grounds that at the time of plaintiff's injury he was an employee of Sonnier, working in the course and scope of his employment, and therefore his exclusive remedy is for workmen's compensation. From a judgment granting this motion for summary judgment, plaintiff appealed.
The issue is whether an employee who is injured in the course and scope of his employment can sue his employer in tort, when the alleged act of negligence which caused the injury (in this case the defective installation of the gear box by Sonnier) occurred prior to the time of the accident and prior to the time plaintiff became an employee of the defendant employer.
The undisputed facts shown by the pleadings and affidavits filed in support of the motion for summary judgment are as follows: On November 17, 1971, plaintiff was severely burned by an electrical flash from an electrical gear box and/or transformer. The flash occurred when he opened the door to the box to add additional wiring to the equipment. At the time of his injury, plaintiff was an employee of the defendant, Sonnier Electric Company, Inc., and was working in the course and scope of his employment. Plaintiff alleges that the cause of the accident was a defect in the gear box which had previously been negligently installed by the defendant, Sonnier Electric Company, Inc. At the time of and prior to the electrical flash, plaintiff had not worked on or installed any portion of the gear box.
Plaintiff argues that since the negligent installation of the gear box by Sonnier occurred before plaintiff's employment by Sonnier and before the accident in question, he can sue Sonnier in tort and is not restricted to an action for workmen's compensation benefits. No authority is cited which supports this contention.
LSA-R.S. 23:1032 provides that the rights and remedies granted to an employee on account of personal injury for which he is entitled to compensation under our Workmen's Compensation Statute are exclusive of all other rights and remedies of such employee. Our jurisprudence under this statute has consistently held that whenever the compensation act is applicable, the employee cannot pursue any remedy for damages against his employer under Article 2315 of the Civil Code or otherwise, Atchison v. May, 201 La. 1003, 10 So.2d 785 (1942); Hebert v. Blankenship, 187 So.2d 798 (La.App. 3rd Cir. 1966); Bagwell v. South Louisiana Electric Co-op Association, 228 So.2d 555 (La.App. 3rd Cir. 1969).
The rationale of this rule is correctly stated in Malone, Louisiana Workmen's Compensation, Section 361, as follows:
"We have previously observed that the principle underlying the Compensation Act is a compromise whereby the employer surrenders the immunity against liability which he would otherwise enjoy in all cases where he was without fault, and, in return, the employee loses his right to full damages for his injury and accepts instead a limited sum by way of compensation. It is obvious that this mutual surrender by employer and employee could not be effectuated if either party were free to ignore the Act whenever it would be to his advantage to do so. For this reason, proceedings for compensation afford the exclusive remedy available to the parties within the area where the Act applies."
Under this rationale, and under the provisions of the Workmen's Compensation Act, any negligence on the part of the employer is irrelevant and immaterial to a claim for compensation. It necessarily follows, that the time of any acts of negligence which caused the injury is also irrelevant and immaterial.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.