■ JAMES FELDER, an Infant, by His Parents and Natural Guardians, MATTIE M. FELDER and Another, et al., Respondents, v OLD FALLS SANITATION CO., INC., Appellant, et al., Defendants.—Appeal from an order of the Supreme Court at Special Term, entered September 18, 1974 in Sullivan County, which granted plaintiff's motion for summary judgment against appellant and directed an immediate trial to determine damages, while dismissing the complaint as to the remaining defendants. During the summer of 1971, the then 14-year-old plaintiff worked as a driver's helper on a garbage truck owned by defendant Old Falls Sanitation Company, Inc. (hereinafter Old Falls). On July 29, 1971 he was severely injured while on a regular collection route when the garbage truck operated by a fellow employee ran over him, crushing his legs. At the time of the accident, Old Falls, along with Mountaindale Sanitation Company, Inc., and defendant Town Sanitation Company, Inc. (hereinafter Town) was engaged in the garbage removal business in Sullivan County. Each corporation had an identical corporate structure, ownership, management and control and used a common, co-ordinated bookkeeping system with allocations for expenses being shared between the corporations at the close of each fiscal year. After the purchase of the three companies by the identical owners, their individual routes were consolidated and defendant Ruderman, as secretary of each of the corporations, was placed in charge of the operation. All employees, including plaintiff, were hired by him and placed on Town's payroll, although they worked on vehicles belonging to each of the three companies. As a result of his injuries, plaintiff instituted the present action against the defendants, alleging that his hiring was negligent per se since it was in violation of section 133 (subd 2, par r) of the Labor Law which prohibits the employment of a minor "as a helper on a motor vehicle". Thereafter, upon plaintiff's motion for summary judgment on the issue of liability, Special Term dismissed the complaint as to Town and Ruderman and held that plaintiff's sole remedy against them was under the Workmen's Compensation Law. As against Old Falls, however, it granted judgment to plaintiff and ordered a trial on the issue of damages. On this appeal the central question presented is whether or not Town and Old Falls were engaged in a joint venture. Although the attorneys for the opposing parties were each found to be on opposite sides of this question at various stages in this case, we agree with Special Term to the extent that it found there was a joint venture here. That such was the case is evidenced by, *inter alia,* the common ownership and management, the consolidation of routes and the yearly allocation of expenses. Such factors as these lead to the inescapable conclusion that there was a joint venture (see generally 32 NY Jur, Joint Adventures, §§ 6, 7). Upon the question of plaintiff's remedy against Old Falls, however, we cannot agree with Special Term. Since Old Falls was a participant in a joint venture with Town, plaintiff is limited to his compensation remedy against each of these defendants which are both insulated

from tort liability by section 11 of the Workmen's Compensation Law *(Fallone v Misericordia Hosp.,* 23 AD2d 222, affd 17 NY2d 648). Order modified, on the law, by reversing so much thereof as granted plaintiff's motion for summary judgment against defendant Old Falls; defendant Old Falls' cross motion for summary judgment granted and complaint dismissed, and, as so modified, affirmed, without costs. Herlihy, P. J., Greenblott, Kane, Main and Larkin, JJ., concur. [78 Misc 2d 868.]