558 P.2d 712

**Michael DENMAN, Appellant,**

v.

**DUVAL SIERRITA CORPORATION, Appellee.**

**No. 2 CA–CIV 1980.**

Court of Appeals of Arizona, Division 2.

Nov. 3, 1976.

Rehearing Denied Nov. 30, 1976.

Petition for Review Denied Dec. 21, 1976.

---

Rabinovitz, Minker & Dix, P. C. by Bernard I. Rabinovitz, Tucson, for appellant.

Bilby, Shoenhair, Warnock & Dolph, P. C. by Michael A. Lacagnina and David A. Paige, Tucson, for appellee.

## OPINION

HOWARD, Chief Judge.

Can an injured employee avoid the statutory immunity granted to an employer who has complied with A.R.S. Sec. 23–961 and file a common law action against a self-insuring employer on the basis that the employer assumed a second identity as the insurer carrier which was subjected to common law liability in spite of the exclusive remedy provided by the Workmen's Compensation Laws? That is the question to be decided in this case which we answer in the negative.

Appellant filed suit in the Pima County Superior Court alleging his on-the-job injury. He further alleged that he was suing appellee in its capacity as an insurance carrier and not as an employer. The trial court granted appellee's motion to dismiss.

A.R.S. Sec. 23–961(A) provides:

"Employers . . . shall secure workmen's compensation to their employees in one of the following ways:

1. By insuring and keeping insured the payment of such compensation with the state compensation fund or an insurance carrier authorized by the director of insurance to write workmen's compensation insurance in this state.

2. By furnishing to the commission satisfactory proof of financial ability to pay direct the compensation in the amount and manner and when due as provided in this chapter. . . ."

Appellee complied with the foregoing section by supplying the Industrial Commission with satisfactory proof of its financial ability to pay compensation in the amount and manner ordered by the Industrial Commission.

A.R.S. Sec. 23–906(A) provides:

"Employers who comply with the provisions of § 23–961 as to securing compensation shall not be liable for damages at common law or by statute, except as provided in this section, for injury or death of an employee wherever occurring, . . ."

Appellee has complied with the Workmen's Compensation Laws and is immune from suit at common law.

Appellant theorizes that appellee is acting in a dual capacity and as an insurance carrier is a third party liable in common law negligence. This theory is without support in the case law or logic. It defeats the public policy of the State of Arizona as set forth in the Workmen's Compensation statutes. It would work to penalize the self-insurer and is without merit.

Affirmed.

HATHAWAY, J., concurs.

NOTE: Pursuant to stipulation in open court by counsel, this cause was submitted to and decided by two judges.