570 P.2d 823

**Jesse R. VINEYARD and Joan E. Vineyard, husband and wife, Appellants,**

v.

**SOUTHWEST ENGINEERING AND CONTRACTING COMPANY, INC., and Ward Engineering, Inc., dba Southwest-Ward Engineering, a partnership, Appellees.**

No. 1 CA–CIV 3130.

Court of Appeals of Arizona
Division 1,
Department B.

Aug. 2, 1977.

Rehearing Denied Oct. 7, 1977.

Review Denied Nov. 4, 1977.

Barber, Haralson & Kinerk by Dale Haralson, Richard M. Davis, Tucson, for appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P. C. by J. Victor Stoffa, Phoenix, for appellees.

OPINION

SCHROEDER, Presiding Judge.

This is an action by an injured employee to recover damages directly from his employer for an industrial accident. The employee has applied for and received workmen's compensation benefits, and both the parties agree that normally such benefits would provide the employee's exclusive remedy as against the employer. A.R.S. §§ 23–906 and 23–1022. The employee nevertheless seeks to maintain this action as a breach of the safety provisions of a collective bargaining agreement. The trial court rendered summary judgment in favor of the employer, and we affirm.

The appellant, Jesse Vineyard, was employed by Southwest Engineering and Contracting Company as a construction worker. He was at the time of the accident working under a collective bargaining agreement to which Southwest Engineering and the International Union of Operating Engineers Local No. 428 of Arizona were signatory. That contract provided, among other things, for the installation by the employer of safety devices on heavy equipment.

The appellant was injured when a piece of heavy equipment he was operating rolled over. A canopy over the driver's seat broke, crushing appellant's legs. It is assumed for purposes of this appeal that the appellant's injuries could at least partially have been avoided by the presence of safety devices such as those called for in the labor contract.

The issue in this case is whether by virtue of that contract the employer and the union agreed that employees injured on the job would be entitled to recover damages against the employer beyond those provided by a workmen's compensation law. This Court in *Lechuga, Inc. v. Montgomery*, 12 Ariz.App. 32, 36, 467 P.2d 256, 260 (1970), has indicated that nothing in the workmen's compensation law prohibits such an express contract. But in view of the exclusivity provisions of the statute which are "part of the *quid pro quo* in which the sacrifices and gains of employees and employers are to some extent put in balance," 2A A. Larson, *Workmen's Compensation Law* § 65.10 at 12–4, absent an express agreement, the workmen's compensation laws should offer the exclusive remedy.

We must therefore determine whether this particular contract entitles the employee to maintain this action for damages in addition to workmen's compensation.

The contract does provide that the employer furnish safety equipment. It further specifies that when such safety equipment is not provided, employees are authorized to refuse to work and to continue to be paid during such work stoppages. There is nothing in the contract itself, however, authorizing either a lawsuit for personal injury damages in the event of a violation of the safety provisions or remotely suggesting that the safety provisions were intended to provide compensation over and above workmen's compensation benefits.

Nor do the affidavits made a part of the summary judgment record suggest that the parties in negotiating the contract intended such a result. One of those affidavits was from an employer's representative in the collective bargaining negotiations. That affidavit categorically states that it was not the intention of the parties to provide an employee "with an independent remedy for damages in any State or Federal Court for a personal injury resulting from an alleged safety violation." The affidavit of the union representative states merely that the employees were intended to benefit from the contract, but is silent as to the creation of a cause of action for damages.

We do not question appellant's assertion that this collective bargaining agreement was negotiated by the union for the benefit of the employees. Had this contract with the union made the employer responsible for personal injury damages arising out of a breach of the safety provisions, we would have to decide whether employees should be entitled directly to enforce that contractual obligation as third party beneficiaries. But here there was no such direct promise for the third party beneficiary to enforce. *See Basurto v. Utah Construction & Mining Co.*, 15 Ariz.App. 35, 39, 485 P.2d 859, 863 (1971). Our conclusion is the same as that reached in *Hensley v. United States*, 279 F.Supp. 548 (D.Mont.1968), a case raising virtually identical issues.

Appellant's reliance on the cases of *Blount Brothers Construction Co. v. Rose*, 274 Ala. 429, 149 So.2d 821 (1962); *Giarratano v. Weitz Co.*, 259 Iowa 1292, 147 N.W.2d 824 (1967); *Presser v. Siesel Construction Co.*, 19 Wis.2d 54, 119 N.W.2d 405 (1963), is misplaced. Those cases permitted subcontractors' employees to maintain third party actions against a general contractor for violation of safety provisions in a construction contract. They were not decided in the context of any available workmen's compensation benefits and did not involve any direct action against a primary employer.

The judgment is affirmed.

WREN and EUBANK, JJ., concur.