599 P.2d 247
**Barbara CONNER, a widow, Plaintiff/Appellant,**

v.

**EL PASO NATURAL GAS COMPANY, a corporation, also known as The El Paso Company, a Texas Corporation, and Hecla Mining Company, an Idaho Corporation, Defendants/Appellees.**

**No. 2 CA–CIV 3134.**

Court of Appeals of Arizona, Division 2.

June 8, 1979.

Rehearing Denied July 3, 1979.

Review Denied July 19, 1979.

Law Offices of Paul G. Rees, Jr., P.C. by Paul G. Rees, Jr., Tucson, for plaintiff-appellant.

Law Offices of Maupin & Wilson by Charles B. Hickcox and Thomas G. Hayman, Phoenix, for defendants-appellees.

## OPINION

RICHMOND, Chief Judge.

Appellant's husband was killed when a pipe exploded at the Lakeshore Mine where he was employed as a miner. She brought a wrongful death action against the mine operator, Hecla Mining Company, and its joint venturer, El Paso Natural Gas Company, on behalf of herself and her minor children. Defendants Hecla and El Paso moved for summary judgment on the ground that the decedent was an employee of the joint venture and the survivors were barred from maintaining an action because they had received workmen's compensation benefits under a policy insuring the joint venture. The trial court granted the motion as to both Hecla and El Paso. We affirm.

A.R.S. § 23–1022(A) provides that the employee's right to recover workmen's compensation shall be the exclusive remedy against the "employer." Appellant does not deny that Hecla and El Paso were joint venturers, or that workmen's compensation is the exclusive remedy against Hecla. She contends, however, that dismissal as to El Paso was improper because the decedent was employed only by Hecla, and that despite its joint venture relationship with Hecla, El Paso never became the decedent's "employer" for purposes of workmen's compensation. She argues that since it was not an employer she should be permitted to pursue her claim against El Paso. We do not agree.

 Where a joint venture exists, each of the parties is the agent of the others and each is likewise a principal of the others so that the act of one is the act of all. *West v. Soto,* 85 Ariz. 255, 336 P.2d 153 (1959). For purposes of workmen's compensation, each individual joint venturer is the employer of all employees doing work on behalf of the joint venture, *W. B. Johnston Grain Co. v. Self,* 344 P.2d 653 (Okl.1959); *Insurance Company of North America v. Dept. of Industry,* 45 Wis.2d 361, 173 N.W.2d 192 (1970); *Industrial Commission v. Lopez,* 150 Colo. 87, 371 P.2d 269 (1962), and each enjoys the protection of the exclusive remedy provisions, *Felder v. Old Falls Sanitation Co., Inc.,* 47 A.D.2d 977, 366 N.Y.S.2d 687 (1975); *Cook v. Peter Kiewit Sons Company,* 15 Utah 2d 20, 386 P.2d 616 (1963); *Guilbeau v. Liberty Mutual Insurance Co.,* 324 So.2d 571 (La.App.1975); *Lewis v. Gardner Engineering Corp.,* 254 Ark. 17, 491 S.W.2d 778 (1973).

 Appellant relies on the fact that all the decedent's contacts were with Hecla and not with El Paso. Specifically, she argues that Hecla hired her husband, issued checks for his salary and the workmen's compensation insurance premiums, and supervised the work. Though Hecla was given full responsibility for operation by the operating agreement between Hecla and El Paso, the parties shared equally the costs of operation, which were defined to include wages and workmen's compensation insurance premiums. Implicit in Hecla's responsibility was the right to hire employees on behalf of the joint venture. Where the parties agree, such delegation of responsibility between joint venturers is valid. *U. S. Fidelity and Guaranty Company v. Dawson Produce Company,* 200 Okl. 540, 197 P.2d 978 (1948). As agent of the joint venture, Hecla acted on behalf of the joint venture in all of its dealings with the decedent. When the decedent became Hecla's employee he also became El Paso's employee and the latter, therefore, enjoys the statutory immunity afforded by the workmen's compensation scheme. Having recovered compensation benefits from her husband's employer, appellant may not maintain a separate wrongful death action.

 Appellant cites *Halenar v. Superior Court,* 109 Ariz. 27, 504 P.2d 928 (1972), for the proposition that the doctrine of exclusive remedy has no application to wrongful death actions. The legislature, however, has created a right of action for death by wrongful act only when the conduct "is such as would, if death had not ensued, have entitled the party injured to maintain an action." A.R.S. § 12–611; *see Huebner v. Deuchle,* 109 Ariz. 549, 514 P.2d 470 (1973). Appellant thus is barred from maintaining a wrongful death action against her deceased husband's employer.[1]

 Finally, appellant argues that because her husband had no notice that El Paso was his employer, he was deprived of his constitutional right to a reasonable election between accepting workmen's compensation and retaining the right to sue. *See* A.R.S. § 23–906. We decline to decide whether the right to reject the provisions of the workmen's compensation act requires identification in advance of the person or entity later disclosed to be an employer. The record does not reflect that the argument was advanced at the trial level, and appellant is precluded from raising it for the first time on appeal. *Crook v. Anderson,* 115 Ariz. 402, 565 P.2d 908 (App.1977).

Affirmed.

HOWARD and HATHAWAY, JJ., concur.

---

1. In *Citizen's Utility, Inc. v. Livingston,* 21 Ariz. App. 48, 515 P.2d 345 (1973), this court distinguished *Halenar* as limited to an action against a co-employee of the decedent.