**STATE of Alaska, Petitioner,**

v.

**Bernita J. PURDY, Respondent.**

No. 4468.

Supreme Court of Alaska.

Oct. 12, 1979.

Charles P. Flynn, Burr, Pease & Kurtz, Inc., Anchorage, for petitioner.

Patrick T. Brown, Rice, Hoppner, Hedland, Fleischer & Ingraham, Fairbanks, for respondent.

---

Before RABINOWITZ, C. J., CONNOR, BOOCHEVER and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION

CONNOR, Justice.

■ This case presents the question of whether the "dual capacity doctrine" permits a negligence action by an employee against an employer, in this case the State of Alaska.

Respondent has received benefits under the Alaska Workmen's Compensation Act, but has filed an action alleging that the state failed to properly maintain the highway on which the accident occurred.

The State moved for summary judgment on the ground that the plaintiff's suit was barred by the exclusive remedy provision of the Alaska Workmen's Compensation Act, since her injury occurred in the course and scope of her employment. The superior court denied the motion and adopted the "dual capacity doctrine."

We have granted this petition for review because an immediate review of the order will facilitate the ultimate determination of the case. *Whitney-Fidalgo Seafoods, Inc. v. Beukers,* 554 P.2d 250, 251 (Alaska 1976).

■ One general purpose of workmen's compensation is to provide an assured recovery to an injured employee without regard to notions of fault. In return for the certainty of payment, the law makes the liability exclusive, i. e., it is in place of all other liability to which the employer might be subjected because of the injury.[1] As we observed in *Gordon v. Burgess Construction Co.,* 425 P.2d 602, 605 (Alaska 1967):

> "[T]he remedies provided by a workmen's compensation act are intended to be in lieu of all rights and remedies as to a particular injury whether at common law or otherwise."[2]

Under the dual capacity doctrine an employer apparently protected by the exclusive liability principle may become liable to the employee in tort if, in respect to that tort, he occupies a position which places upon him obligations independent and distinct from his role as an employer. 2A Larson, *Workmen's Compensation,* Sec. 72.-80, at 14–112.

So far as we can ascertain, this doctrine has been applied in only two jurisdictions.

In *Duprey v. Shane,* 241 P.2d 78 (Cal.App. 1952), the plaintiff, an employee of a chiropractor was injured on the job and the chiropractor treated her, aggravating the injury. The court allowed a suit for negligence against her employer despite the exclusivity provisions of California law on the ground that, in treating his employee, the chiropractor was acting not in his capacity as an employer, but as a doctor. A similar result was reached in *Reed v. Steamship Yaka,* 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1963), where the injured employee was a longshoreman, hired by a ship owner. The court held that the exclusivity provision of the federal Longshoreman's and Harborworkers' Compensation Act[3] did not preclude a suit against the ship owner

1. AS 23.30.055 provides:

"*Exclusiveness of liability.* The liability of an employer prescribed in § 45 of this chapter is exclusive and in place of all other liability of the employer and any fellow employee to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from the employer or fellow employee at law or in admiralty on account of the injury or death. However, if an employer fails to secure payment of compensation as required by this chapter, an injured employee or his legal representative in case death results from the injury may elect to claim compensation under this chapter, or to maintain an action against the employer at law or in admiralty for damages on account of the injury or death. In that action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, or that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee."

2. *See also, Haman v. Allied Concrete Products, Inc.,* 495 P.2d 531, 532–33 (Alaska 1972).

3. 33 U.S.C. § 905, which contains precisely the same language as the exclusivity provision of the Alaska Workmen's Compensation Act.

for injuries caused by the unseaworthiness of the vessel. However, a careful reading of *Reed* will reveal that it hinged upon peculiarities of maritime law, and that it does not support any sweeping principle whereby the exclusive liability provisions in the federal act can be avoided.

It is true that we have avoided the exclusivity provision in several instances. In *Elliott v. Brown*, 569 P.2d 1323 (Alaska 1977), we held that a supervisor who assaulted two employees was not immunized by the exclusive liability provision from a damage suit by those employees. However, we also held that suit was barred against the corporate employer, even though the offending supervisor owned half the stock in the corporation and managed its affairs. In *Whitney-Fidalgo Seafoods, Inc., supra,* we held that a minor employed in violation of the child labor laws could sue for damages for an injury sustained during employment. The basis of our decision was the voidability of the contract of hire. Those cases are obviously distinguishable from the one before us.

Whatever frail vitality the dual capacity doctrine has in other jurisdictions, we do not think that it warrants adoption here. To do so might undermine extensively the policy sought to be achieved by the workmen's compensation act. There are endlessly imaginable situations in which an employer might owe duties to the general public, or to non-employees, the breach of which would be asserted to avoid the exclusive liability provision of our statute. It would be an enormous, and perhaps illusory, task to draw a principled line of distinction between those situations in which the employee could sue and those in which he could not. The exclusive liability provision would, in any event, lose much of its effectiveness, and the workmen's compensation system as a whole might be destabilized. For these reasons, and because of the persuasiveness of case law from other jurisdictions rejecting it,[4] we reject the dual capacity doctrine as the law of this state.

We reverse and remand for the entry of judgment in favor of petitioner.

REVERSED and REMANDED.

BURKE, J., not participating.

---

4. *See, e. g., Schlenk v. Aerial Contractors, Inc.,* 268 N.W.2d 466 (N.D.1978); *Strickland v. Textron, Inc.,* 433 F.Supp. 326 (D.S.C.1977); *Rosales v. Verson Allsteel Press Co.,* 41 Ill.App.3d 787, 354 N.E.2d 553 (1976); *Needham v. Fred's Frozen Foods, Inc.,* 359 N.E.2d 544 (Ind.App. 1977); *Mapson v. Montgomery White Trucks, Inc.,* 357 So.2d 971 (Ala.1978); *cf. Gothreaux v. Gulf Oxygen Co.,* 289 So.2d 235 (La.App.1974) (all rejecting suit against employer, as manufacturers, on products liability theory); *McAlister v. Methodist Hosp. of Memphis,* 550 S.W.2d 240 (Tenn.1977) (rejecting the *Duprey* theory on analogous facts); *see also Miller v. United States,* 307 F.Supp. 932 (E.D.Va.1969); *Kottis v. United States Steel Corp.,* 543 F.2d 22 (7th Cir. 1976); *Profilet v. Falconite,* 56 Ill.App.3d 168, 14 Ill.Dec. 16, 371 N.E.2d 1069 (1977); *cf. Provo v. Bunker Hill Co.,* 393 F.Supp. 778 (D.Idaho 1975).