698 P.2d 216

Vivian M. HILLS, surviving widow of James Riley Hills, for and on Behalf of herself and her minor children, David Hills and Ginny Hills, Plaintiff-Appellant,

v.

SALT RIVER PROJECT ASSOCIATION; Dale W. Gish and Jane Doe Gish, husband and wife; Frank Lawrence and Jane Doe Lawrence, husband and wife; Hector A. Munoz and Jane Doe Munoz, husband and wife; Michael G. Twohig and Jane Doe Twohig, husband and wife; Donald W. Hines and Jane Doe Hines, husband and wife; Kenneth F. Breon and Jane Doe Breon, husband and wife; James A. Ochoa and Jane Doe Ochoa, husband and wife; Larry Newell and Jane Doe Newell, husband and wife; Jim Rucker and Jane Doe Rucker, husband and wife; Gene Baird and Jane Doe Baird, husband and wife; Phil Gonzalez and Jane Doe Gonzalez, husband and wife; Bernard Whilelock and Jane Doe Whilelock, husband and wife; Charles Hill and Jane Doe Hill, husband and wife; Estate of Michael L. Parsons; John and Jane Does I through XX, employees of Salt River Project Association; Ford Motor Company, a Delaware corporation; R.O. Corporation, a Kansas Corporation, Defendants-Appellees.

No. 1 CA-CIV 6975.

Court of Appeals of Arizona, Division 1, Department A.

Jan. 29, 1985.

Review Denied April 9, 1985.

Hofmann, Salcito, Stevens & Myers, P.A. by Daniel R. Salcito, Frank Verderame, Phoenix, for plaintiff-appellant.

Jennings, Strouss & Salmon by Michael A. Beale, Jefferson L. Lankford, John A. Micheaels, Phoenix, for defendants-appellees Salt River Project, Gish, Lawrence, Munoz, Twohig, Hines, Breon, Ochoa, Newell, Rucker, Baird, Gonzalez, Whilelock, Hill and the Estate of Michael L. Parsons.

Snell & Wilmer by Warren E. Platt, Robert H. Oberbillig, Phoenix, for defendant-appellee Ford Motor Company.

Beer & Toone, P.C. by Thomas L. Toone, Lawrence B. Slater, Donald P. Roelke, Phoenix, for defendant-appellee R.O. Corporation.

## OPINION

BROOKS, Presiding Judge.

Appellant in this case is the surviving widow of James Reilly Hills (Hills), deceased. She brings this action on her own behalf as well as on behalf of her two minor children.

On August 11, 1980, while Hills was working on electric power lines in the course of his employment with Salt River Project Association (S.R.P.), the lines came into contact with the boom on a truck in which Hills was riding causing his death by electrocution. At the time of the accident, S.R.P. was a self-insured employer in compliance with Arizona's Worker's Compensation statutes. Following Hills' death, appellant applied for and received the appropriate worker's compensation death benefits.

On July 12, 1983 appellant brought this wrongful death action against S.R.P. and a number of other ficticious defendants alleging negligence and strict liability in tort. Through an amended complaint filed August 9, 1982, appellant joined a number of the decedent's former co-employees at S.R.P. as additional parties defendant. Also joined as defendants were appellees Ford Motor Company (Ford) and R.O. Corporation (R.O.) who were alleged to have manufactured the truck and boom involved in the fatal accident. All defendants filed motions for summary judgment which were granted by the trial court and this appeal followed.

The central issue in this appeal is whether worker's compensation death benefits constituted appellant's exclusive remedy. More specifically, the following questions are presented:

1. Was summary judgment properly granted on appellant's claim that S.R.P. was subject to liability under the "dual capacity" doctrine.

2. Was appellant's tort claim against R.O., Ford and the decedent's co-employees assigned to S.R.P. as a matter of law.

3. Was appellant required to obtain a reassignment of her tort claim from S.R.P. before proceeding with this action.

4. Is A.R.S. § 23–1023 unconstitutional as it was applied in this case.

## THE CLAIM AGAINST S.R.P.

■ The parties agree that since the decedent had failed to reject compensation prior to his fatal accident, he thereby elected to be covered under Arizona's Worker's Compensation statutes which would normally preclude a tort action against his employer. *See* Arizona Constitution Art. 18 Sec. 8; A.R.S. § 23–906. Unless a worker rejects compensation, the benefits are "the exclusive remedy against the employer." A.R.S. § 23–1022(A). The exclusive remedy provision also immunizes the employer from wrongful death actions by a deceased worker's survivors or personal representative. *Mariscal v. American Smelting and Refining Co.*, 113 Ariz. 148, 548 P.2d 412 (1976); *Jackson v. Northland Construction Co.*, 111 Ariz. 387, 531 P.2d 144 (1975).

Notwithstanding her acceptance of compensation, appellant nevertheless argues that she should be permitted to pursue a tort action against S.R.P. Relying on the so-called "dual capacity" doctrine, she contends that S.R.P. acted not only as an employer but also as a manufacturer of the truck and boom involved in the accident, thereby creating an unreasonably dangerous product. She further argues that S.R.P. held an additional relationship with the decedent as a supplier of electricity.

Before addressing this issue, it is necessary to briefly discuss the procedural posture of this case.

Following limited discovery, which consisted only of written interrogatories directed to S.R.P. by appellant, appellees filed motions for summary judgment without supporting affidavits. The answers to interrogatories establish that Ford manufactured the truck, R.O. manufactured the boom and S.R.P. assumed the responsibility for certain unspecified modifications and/or alterations to the equipment. Drawing all inferences in favor of appellant against whom summary judgment was granted, *see Brown v. Sears, Roebuck & Co.*, 136 Ariz. 556, 667 P.2d 750 (App.1983), we will assume that S.R.P. participated in the process of manufacturing the ultimate product which was involved in the fatal accident.

■ S.R.P. first argues that it was not sued in its capacity as an alleged manufacturer and that all of appellant's product liability allegations were directed at the other defendants. While we agree that appellant's complaint is not a model pleading in this regard, count seven of the amended complaint includes the following allegations:

> The defendants named herein and DOES I through XX were mechanical, electrical and design engineers who modified the boom and/or truck and/or both and/or provided a list of specifications to the manufacturers FORD MOTOR COMPANY and RO CORPORATION, which created a dangerous product and unreasonably so to the plaintiff's decedent who was working on said modified truck and boom at the time of his accident.

We find that the complaint sufficiently alleged that S.R.P. participated as a co-manufacturer of the specific equipment in question and sought damages on a products liability theory.

■ S.R.P., as well as the other appellees, argues that its motion for summary judgment required appellant to respond with evidence that a defective product had, in fact, been manufactured. We disagree. Where mere allegations in a complaint are attacked by a motion for summary judgment *supported by proof of specific facts*, an obligation devolves on plaintiff to present evidence sufficient to show that there is a triable issue. *Ong Hing v. Arizona Harness Raceway*, 10 Ariz.App. 380, 459 P.2d 107 (1969); *see Byars v. Arizona Public Service Co.*, 24 Ariz.App. 420, 539 P.2d 534 (1975). Here, however, appellees presented no evidence, by way of affidavit or otherwise. There was thus nothing in the motions for summary judgment for appellant to controvert as to whether the equipment was defective and the answers to interrogatories on file did not address the issue. While we agree that a motion for summary judgment may be made solely on the pleadings, it is then functionally the

same as a motion to dismiss for failure to state a claim and the plaintiff may rest on the well-pleaded allegations of his complaint. *See* 6 Moore's Federal Practice, 2nd § 56.02[3] (1983).

■ Returning to the substantive issue, the so-called "dual capacity" doctrine permits an employer, normally shielded from tort liability by the exclusive remedy principle, to become liable in tort to his own employee if he acts, in addition to his capacity as an employer, in a second capacity conferring on him obligations independent of those as an employer. *Robbins v. Seekamp*, 122 N.H. 318, 444 A.2d 537 (1982).

The majority of jurisdictions hold that an employer, who is also a manufacturer, modifier, installer or distributor of a product used in the work, cannot be held liable in damages to his own employee on a theory of products liability. *See* 2A A. Larson, The Law of Workmen's Compensation § 72.83 at 14–239 (1982).[1] Several jurisdictions, notably California, have held to the contrary. *See Douglas v. E & J Gallo Winery*, 69 Cal.App.3d 103, 137 Cal.Rptr. 797 (1977).[2]

While no Arizona appellate court has addressed the precise issue now under consideration, our courts have consistently refused to permit actions against an employer based on other statutory or common law duties arising in the course of the employer-employee relationship. For example, in *Denman v. Duval Sierrita Corp.*, 27 Ariz. App. 684, 558 P.2d 712 (1976), Division 2 of this Court held:

Appellant theorizes that appellee is acting in a dual capacity and as an insurance carrier is a third party liable in common law negligence. This theory is without support in the case law or logic. It defeats the public policy of the State of Arizona as set forth in Workmen's Compensation statutes. It would work to penalize the self-insurer and is without merit.

27 Ariz.App. at 685, 558 P.2d at 713. *See also Vineyard v. Southwest Engineering and Contracting Co.*, 117 Ariz. 52, 570 P.2d 823 (App.1977); *Williams v. Magma Copper Co.*, 5 Ariz.App. 236, 425 P.2d 138 (1967).

■ Our legislature has clearly stated that if a worker does not reject the compensation scheme, compensation benefits are "the exclusive remedy against the employer." A.R.S. § 23–1022(A). The dual capacity doctrine not only conflicts with this express statute but subverts the legislature's purpose in enacting the exclusive remedy provision. As the court stated in *State v. Purdy*, 601 P.2d 258 (Alaska 1979):

There are endless imaginable situations in which an employer might owe duties to the general public, or to non-employees, the breach of which would be asserted to avoid the exclusive liability provision of our statute. It would be an enormous, and perhaps illusory, task to draw a principled line of distinction between those situations in which the employee could sue and those in which he could not. The exclusive liability provision would, in any event, lose much of its effectiveness, and the workmen's compensation system as a whole might be destabilized.

601 P.2d at 260.

We note that even in those jurisdictions where the dual capacity doctrine has been recognized as a viable concept in products liability situations, the courts have continued to require not only that a defendant-employer have participated in some way in the manufacture of the defective machine, but also that the defendant-employer have in some manner placed the machine in the

**1.** *See e.g., Schlenk v. Aerial Contractors, Inc.,* 268 N.W.2d 466 (N.D.1978); *Strickland v. Textron, Inc.,* 433 F.Supp. 326 (D.S.C.1977); *Rosales v. Verson Allsteel Press Co.,* 41 Ill.App.3d 787, 354 N.E.2d 553 (1976); *Needham v. Fred's Frozen Foods, Inc.,* 171 Ind.App. 671, 359 N.E.2d 544 (1977); *Mapson v. Montgomery White Trucks, Inc.,* 357 So.2d 971 (Ala.1978); *Goth-*

*reaux v. Gulf Oxygen Company, Inc.,* 289 So.2d 235 (La.App.1974); *State v. Purdy,* 601 P.2d 258 (Alaska 1979).

**2.** The dual capacity doctrine was legislatively abolished in California in August, 1982. *See* West's Ann.Cal.Labor Code § 3602.

stream of commerce, a fact which is not alleged to have occurred in this case. *See Robbins v. Seekamp,* 122 N.H. 318, 444 A.2d 537, 539 (1982). In *Douglas v. E. & J. Gallo Winery,* 69 Cal.App.3d 103, 137 Cal. Rptr. 797 (1977), a case relied on by appellant, the court stated:

> We limit the holding of this case to a defendant who engaged in manufacturing for sale to the general public. A single or occasional disconnected act does not constitute engaging in ... manufacturing. The defendant who designs or manufactures a product for his own use ... is not thereby subjected to manufacturers' liability when his own employee is injured in using the ... product.

137 Cal.Rptr. 803.

■ We find that the injury to appellant's decedent was precisely the kind of injury that the Worker's Compensation Act was intended to cover. It occurred while he was performing his job using equipment which had been provided by his employer for that purpose. Further, the equipment was furnished to him as an employee and not as a member of the consuming public.

■ Appellant's contention that S.R.P. breached a duty owed as a supplier of electricity is specious. First, it is a cause of action which was not alleged in appellant's complaint and is therefore waived. *Matter of Geis' Estate,* 132 Ariz. 350, 645 P.2d 1264 (App.1982). Further, if S.R.P.'s status as a utility could result in tort liability to its employees, it would mean that utility employers would not have the same protection accorded to other employers by the Worker's Compensation statutes. The legislature did not indicate an intention that utilities be treated differently than other employers.

By this opinion we do not totally reject the dual capacity doctrine for all purposes. We do hold that for whatever validity the doctrine might have under some hypothetical fact situation, it has no application to the case at hand.

## THE REMAINING ISSUES

Appellant raises a number of other issues, many of which have already been addressed by our appellate courts.

Unless a tort action is filed within one year of an industrial accident, the claims against third party tortfeasors are "assigned to the insurance carrier, or to the person liable for the payment" of compensation. A.R.S. § 23–1023(B). The statute provides, in relevant part, as follows:

A. If an employee entitled to compensation under this chapter is injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in event of death his dependents, may pursue his remedy against such other person.

B. If the employee entitled to compensation under this chapter, or his dependents, does not pursue his or their remedy against such other person by instituting an action within one year after the cause of action accrues, the claim against such other person shall be deemed assigned to the insurance carrier, or to the person liable for the payment thereof. Such a claim so assigned may be prosecuted or compromised by the insurance carrier or the person liable for the payment thereof, or may be reassigned in its entirety to the employee or his dependents. After the reassignment, the employee entitled to compensation, or his dependents, shall have the same rights to pursue the claim as if it had been filed within the first year.

It is undisputed that appellant did not file this action until approximately 23 months after the accident. It is further undisputed that she neither requested nor obtained a reassignment of any claims from S.R.P., as the self-insured employer.

It has been consistently held that an employee may not file an action after assignment because the cause of action then belongs solely to the assignee. *Stephens v. Textron, Inc.,* 127 Ariz. 227, 619 P.2d 736 (1980); *K.W. Dart Truck Co. v. Noble,* 116 Ariz. 9, 567 P.2d 325 (1977). In *Stephens,* the court said:

By A.R.S. § 12–542, an action may be commenced within two years for injuries done to the person of another when death ensues, but since appellant failed to commence her lawsuit within one year, her claim was assigned to the State Compensation Fund by the operation of law, A.R.S. § 23–1023(B), quoted supra. The assignment divested appellant of any interest in the action for wrongful death. *K.W. Dart Truck Company v. Noble*, 116 Ariz. 9, 567 P.2d 325 (1977); *Martinez v. Bucyrus-Erie Company*, 113 Ariz. 119, 547 P.2d 473 (1976). Hence, when she filed her complaint two years after the crash, she lacked any interest in the cause of action. The State Compensation Fund had become the owner. 127 Ariz. at 229, 619 P.2d at 738. Appellant argues that this rule should not be applied to her claim against the decedent's co-employees. She contends that claims against co-employees are not included in A.R.S. § 23–1023(B). This issue was decided in *Russell v. Beck*, 22 Ariz.App. 436, 528 P.2d 187 (1974), wherein Division 2 of this court stated:

> The Arizona Supreme Court in *Halenar v. Superior Court*, 109 Ariz. 27, 504 P.2d 928 (1972), held unconstitutional that part of A.R.S. § 23–1022 which purports to prohibit an employee from suing a co-employee acting in the scope of his employment.
>
> A.R.S. § 23–1023 was passed by the legislature under the assumption that A.R.S. § 23–1022 was constitutional and that is why the co-employee is specifically excluded from its terms.
>
> *It is clear that A.R.S. § 23–1023 was intended to encompass all suits against third parties and we hold that its provisions apply to a suit against a co-employee.*

22 Ariz.App. at 437, 528 P.2d at 188 (emphasis added.) [3] *Cf. Canez v. Polanco*, 120 Ariz. 128, 584 P.2d 592 (App.1978).

The appellant argues that she is placed in a "preposterous" position because a self-insured employer is not likely to reassign a claim against its own employees.

■ We first note that appellant, as the assignor, has no interest in the claim after assignment and therefore cannot complain of the assignee's action or inaction on the claim. *K.W. Dart Truck Co. v. Noble*, 116 Ariz. at 11, 567 P.2d at 327. Further, a self-insured employer has no less incentive to reassign than many compensation carriers for privately insured employers. For example, a carrier which has also underwritten liability insurance covering the co-employees or other third party tortfeasors will be no more likely to reassign a co-employee claim than a self-insured employer.

■ Appellant next argues that if the assignment statute includes co-employee claims, it is unconstitutional. She argues that assignment of her claim by the statute after one year is a violation of due process and equal protection because "employees of self-insured employers have one year to prosecute their claim, whereas, employees whose employers are insured by an independent carrier or the State Compensation Fund have two years in which to pursue their claims." Appellant's premise is incorrect. *All* employees have one year to prosecute their claims to avoid assignment. A.R.S. § 23–1023(A) applies to any "employee entitled to compensation." The claim is "assigned to the insurance carrier, or to the person liable for the payment" of compensation. A.R.S. § 23–1023(B). Finally we note that the statute has been previously upheld by our Supreme Court against attacks upon its constitutionality. *Stephens v. Textron, Inc.*, 127 Ariz. 227, 619 P.2d 736 (1980) (equal protection challenge); *Martinez v. Bucyrus-Erie Company*, 113 Ariz. 119, 547 P.2d 473 (due process challenge), *appeal dismissed*, 429 U.S. 880, 97 S.Ct. 228, 50 L.Ed.2d 162 (1976).

---

**3.** In 1980, the Arizona legislature passed H.C.R. 2013, later approved by the electorate, which effected a constitutional amendment overruling *Halenar* and eliminating suits against co-employees. Arizona Const. art. 18, § 8. The cause of action in this case, however, accrued prior to the effective date of the constitutional amendment.

**428**

## CONCLUSION

In summary, appellant's decedent failed to reject compensation. His survivors were therefore relegated to receiving worker's compensation benefits and were precluded from bringing a tort action against S.R.P. Appellant then elected to receive compensation death benefits and thereby invoked the provisions of A.R.S. § 23–1023(B). She then had an option to bring suit against Ford, R.O. and the decedent's co-employees within one year or seek and receive a reassignment of the claim within an additional period of one year. Neither procedure was followed and this action is therefore barred in its entirety. The trial court properly granted summary judgment as to all claims.

For the foregoing reasons, the judgment of the trial court is affirmed.

GRANT and CONTRERAS, JJ., concur.