738 P.2d 365

**Richard DALTON and Gloria Marie Dalton, his wife, Petitioners,**

v.

**The SUPERIOR COURT OF the State of Arizona, In and For the COUNTY OF PIMA; and Hon. Robert B. Buchanan, a Judge thereof, Respondents,**

and

**Dabney Doty and Sean Arlin Cunningham, Sr., Real Parties in Interest.**

**No. 2 CA–SA 87–0013.**

Court of Appeals of Arizona, Division 2, Department B.

March 12, 1987.

Review Denied May 27, 1987.

Sorenson, Moore, Evens & Burke by George R. Sorenson and Andrew F. Marshall, Phoenix and John S. Schaper, Phoenix, for petitioners.

Dennis L. Parrott, Tucson, for Dabney Doty.

Fred Belman, Tucson, for Sean Arlin Cunningham, Sr.

## OPINION

LIVERMORE, Presiding Judge.

This special action was taken from the order of the trial court denying in part petitioners' motion for summary judgment. Because petitioners have no equally plain, speedy or adequate remedy by way of appeal, and because the granting of relief will serve to terminate this litigation, we accept jurisdiction and grant relief. *Wingate v. Gin,* 148 Ariz. 289, 714 P.2d 459 (App. 1985); *Lim v. Superior Court,* 126 Ariz. 481, 616 P.2d 941 (App.1980).

Petitioners Richard and Gloria Dalton are husband and wife. Gloria Dalton operates a business known as Motifs Interior Design, which appears from the record to be a sole proprietorship. Although there is some dispute as to the facts, it appears that Richard had his own business as a financial consultant, and had little or nothing to do with the operation of Gloria's business. At the time of the events which are the subject of this litigation, Corrine Doty was employed by the business as a designer. In August of 1985, Doty was riding as a passenger in a car registered in Richard Dalton's name and driven by Gloria Dalton when it was involved in an accident which resulted in Doty's death. It is undisputed that at the time of the accident Doty was acting within the scope of her employment, as Dalton and Doty were on their way to meet with a client of the business.

The present wrongful death action was brought by respondents, alleging wrongful conduct on the part of both Gloria Dalton and the driver of the other car involved in the accident, and that Richard Dalton was also liable because he had "unreasonably failed to maintain the front passenger seat restraints in proper operating condition and/or negligently, recklessly or intentionally caused or allowed said restraints to be in improper condition." Petitioners filed a motion for summary judgment on the complaints on the ground that respondents' exclusive remedy was workers' compensation benefits as provided by A.R.S. § 23–1022(A). The court granted the motion "on the issue of the defense of workmen's compensation insurance coverage," but denied the motion "on the issue of negligence arising out of the failure of defendants Daltons to provide seatbelts in working condition...." This special action followed the denial of petitioners' motion for reconsideration.

Initially, we dispose of respondents' contention that we should not consider this special action because petitioners did not raise the issue of Richard Dalton's immunity as an employer until after the trial court's initial ruling on the motion for summary judgment. The petitioners' motion sought judgment as to both Richard and Gloria Dalton on the ground of the exclusivity of workers' compensation. Implicit in the motion's argument was petitioners'

position that Richard as well as Gloria was Doty's employer for purposes of the workers' compensation statute. The issue of exclusivity having been raised, it was incumbent upon respondents to establish the existence of jurisdiction in the trial court. *Ringling Bros. & Barnum & Bailey Combined Shows, Inc. v. Superior Court,* 140 Ariz. 38, 680 P.2d 174 (App.1983). While respondents' opposition urged that Richard was not Doty's employer, it cited no legal authority nor any evidence in support of this proposition. The respondents simply alleged that Richard was the owner of the car, and therefore a question existed as to his liability. Until the trial court's order was entered, petitioners had no reason to pursue the issue, which they did in their motion for reconsideration. Contrary to respondents' contentions, this is not a case of successive motions for summary judgment with no new evidence, as in *Chanay v. Chittenden,* 115 Ariz. 32, 563 P.2d 287 (1977).

Although the trial court gave no reasons in support of its order, it appears that the court may have accepted the respondents' contention that Richard Dalton was not Corrine Doty's employer and could be sued as a third party under A.R.S. § 23–1023(A). As noted above, respondents bore the burden of proof on this issue in order to establish the jurisdiction of the trial court. Although respondents' opposition to the motion for summary judgment states that Richard Dalton was the registered owner of the car "and 'an' owner of said vehicle," there was no allegation much less evidence that either the car was his separate property or that the business was the separate property of Gloria Dalton. Absent such evidence, both are presumed to be community property. *Bender v. Bender,* 123 Ariz. 90, 597 P.2d 993 (App.1979).

Respondents contend that even assuming the business was a community asset, that alone is not sufficient to establish that Richard was Doty's employer under the workers' compensation statutes. Rather, they argue, petitioners were required to prove the existence of a business partnership or joint venture between Richard and Gloria before both could be deemed to be Doty's employer. This being a question of fact for the jury, respondents conclude that summary judgment was properly denied. We disagree.

■ As a general rule, whether an employment relationship exists for purposes of workers' compensation is determined by application of the doctrine of "right to control." *Home Insurance Co. v. Industrial Commission,* 123 Ariz. 348, 599 P.2d 801 (1979); *Ringling Bros. & Barnum & Bailey Combined Shows, Inc. v. Superior Court, supra; Greenway Baptist Church v. Industrial Commission of Arizona,* 130 Ariz. 482, 636 P.2d 1264 (App.1981). Under this doctrine, the critical factor is not the actual exercise of control, but rather the reservation of the right to control. *Ringling Bros. & Barnum & Bailey Combined Shows, Inc. v. Superior Court, supra.* Thus, in *Conner v. El Paso Natural Gas Co.,* 123 Ariz. 291, 599 P.2d 247 (App.1979), we held that both members of a joint venture were employers under § 23–1022(A) even though only one of them was actually in charge of operations, including the hiring of employees, and the other merely contributed a share of the costs of operations.

■ Under Arizona's community property laws, both husband and wife have the right to control community assets. Specifically, A.R.S. § 25–214(B) and (C) provide:

B. The spouses have equal management, control and disposition rights over their community property, and have equal power to bind the community.

C. Either spouse separately may acquire, manage, control or dispose of community property, or bind the community, except that joinder of both spouses is required in any of the following cases:

1. Any transaction for the acquisition, disposition or encumbrance of an interest in real property other than an unpatented mining claim or a lease of less than one year.

2. Any transaction of guaranty, indemnity or suretyship.

As a community asset, Motifs Interior Design was subject to Richard Dalton's right

of control and management, which necessarily includes the right to control its employees. Further, this right was conferred by law, without the need for any contract or other formal business arrangement. *See Cook v. Cook,* 142 Ariz. 573, 691 P.2d 664 (1984). Contrary to respondents' contentions, petitioners were not required to prove the existence of a partnership or joint venture. Uncontradicted evidence showing that this sole proprietorship was a community asset was sufficient to establish the right to control as a matter of law. Having this right to control, Richard Dalton as well as his wife was Doty's employer within the meaning of the workers' compensation statute. That he may never have exercised the right is irrelevant. *See Conner v. El Paso Natural Gas Co., supra.*

Since both Richard and Gloria Dalton were employers[1] of Corrine Doty, the respondents' exclusive remedy lay in workers' compensation. Accordingly, the trial court erred in refusing to grant petitioners' motion for summary judgment in its entirety. The order of the trial court is vacated, and the matter is remanded to the trial court with directions to enter judgment in favor of petitioners.

LACAGNINA, J., concurs.

HATHAWAY, Chief Judge, specially concurring.

I specially concur. The fact that the business is a community asset is sufficient to establish the right to control in both spouses, and thus make both of them employers for purposes of the workers' compensation statutes. That Richard Dalton may have relinquished his right to control to his wife, and that she acted as agent for the community, does not alter his status as an employer. *See Conner v. El Paso Nat-*

---

*ural Gas Co.,* 123 Ariz. 291, 599 P.2d 247 (App.1979).

---

**1.** Petitioners have construed respondents' arguments as perhaps raising an issue of "dual capacity." Under this theory, which has not been widely followed, workers' compensation may not be the employee's exclusive remedy where the employer is acting in a capacity other than as an employer at the time his conduct causes injury to the employee. This claim has twice been rejected by Division One of this court in the context of a products liability claim. *Allen v. Southwest Salt Co.,* 149 Ariz. 368, 718 P.2d 1021 (App.1986); *Hills v. Salt River Project Ass'n,* 144 Ariz. 421, 698 P.2d 216 (App.1985). We have also refused to adopt the dual capacity claim in the context of a self-insured employer as contrary to public policy. *Denman v. Duval Sierrita Corp.,* 27 Ariz.App. 684, 558 P.2d 712 (1976). Since we find that the claim was not seriously raised either below or before this court, and since the record contains nothing which would support such an argument, we decline to address the issue.