[Civil No. 2048. Filed September 29, 1924.]

[229 Pac. 92.]

J. M. NEIL, Appellant, v. M. G. CHRISMAN, as Receiver, etc., Appellee.

1. APPEAL AND ERROR—ON APPEAL BY LESSEE FROM JUDGMENT GIVING LIEN FOR RENT, CO-LESSEE HELD NOT "ADVERSE PARTY" REQUIRED TO BE JOINED.—On appeal by defendant lessee from judgment giving plaintiff lessor lien for rent on appellant's crop, co-lessee who had sold out to lessee, and being joined as defendant, secured lien on crop for price of his interest, was not an "adverse party" required to be joined, he having no interest in opposing appeal.

1. See 2 R. C. L. 68.

2. APPEAL AND ERROR—PARTY NOT AFFECTED BY REVERSAL OR AFFIRM-
ANCE IS NOT "NECESSARY PARTY" TO APPEAL.—A party not af-
fected by reversal or affirmance of decree, is not a necessary party
to an appeal, within Civil Code of 1913, paragraph 1234.

3. LANDLORD AND TENANT—LIEN GIVEN TO SECURE PERFORMANCE OF
TERMS OF LEASE LIMITED TO LIABILITIES FROM BREACH. — A lien
given to secure faithful performance of terms and covenants of
lease simply secures liabilities incurred by lessor by reason of
breach thereof by lessee.

4. LANDLORD AND TENANT—COVENANTS HELD NOT TO AUTHORIZE JUDG-
MENT IMPOSING LIEN ON CROPS FOR NONPAYMENT OF POWER
CHARGES.—That farm lease gave lien on crops for faithful per-
formance of terms of lease *held* not to authorize judgment impos-
ing lien in favor of lessor for unpaid power charges, which lessee
agreed to pay; it not appearing that lessor was harmed by failure
to pay charges, or that he had right to recover for power company.

5. PARTIES—SUIT NOT MAINTAINABLE, WHERE DECLARATION SHOWS
RIGHT OF ACTION IN ANOTHER.—Suit cannot be maintained, where
declaration shows that right of action is not in plaintiff, but in
another.

6. LANDLORD AND TENANT—EVIDENCE HELD TO SHOW ORAL AGREEMENT
TO RENT LAND ADDITIONAL TO THAT SPECIFIED IN LEASE.—Evidence
*held* to support judgment for rent, under supplemental verbal agree-
ment, for acreage additional to that specified in original written
lease.

7. JUDGMENT—DISMISSAL OF ACTION FOR RENT WITHOUT PREJUDICE
HELD NOT BAR TO ACTION ON SUBSEQUENT VERBAL PROMISE TO PAY
FOR ADDITIONAL ACREAGE.—Dismissal of action for rent without
prejudice on payment of rent for acreage specified in lease *held,*
where subsequent survey showed tenant's cultivation of land in ex-
cess of that specified, when he orally agreed to pay additional
for each extra acre, not bar to suit on verbal agreement.

8. ACTION—REQUESTING VARIOUS KINDS OF RELIEF HELD NOT MISJOIN-
ING CAUSES OF ACTION.—Complaint for foreclosure of chattel, or
equitable mortgage, evidenced by written lease giving lien to secure
performance of different covenants, though requesting various kinds
of relief, *held* unobjectionable as misjoinder of causes.

---

3. Power of landlord to reserve lien on crops to be raised, see note
in 14 Am. St. Rep. 166. See, also, 16 R. C. L. 976.

6. See 25 R. C. L. 562, 564.

7. Judgment or decree "without prejudice" as *res judicata,* see
note in Ann. Cas. 1914A, 1106. See, also, 15 R. C. L. 977, 982.

8. See 1 R. C. L. 362.

9. PLEADING—MISJOINDER OF CAUSES OF ACTION WAIVED BY FAILURE
TO DEMUR—MOTION BEING INSUFFICIENT.—Misjoinder of causes of
action is waived, under Civil Code of 1913, paragraphs 468, 469,
by failure to demur, notwithstanding request to require plaintiff
to elect.

APPEAL from a judgment of the Superior Court
of the County of Maricopa. F. H. Lyman, Judge.
Judgment modified and as modified, affirmed.

Mr. Samuel White and Mr. Arthur L. Goodman, for
Appellant.

Messrs. Baker & Whitney, for Appellee.

DARNELL, Superior Judge.—This action was
brought in the court below by M. G. Chrisman, plain-
tiff, as receiver, against J. M. Neil, William Mc-
Cluskey, and The Commercial National Bank of
Phoenix, a corporation, based upon a lease contract en-
tered into between the said Chrisman and the said Neil
and McCluskey; it being alleged that some right or
interest of Neil in the lease had been assigned or
transferred by him to the defendant bank. The case
was tried upon issues formed by the plaintiff's com-
plaint and the separate answers of the three defend-
ants, and resulted in judgment in favor of plaintiff
and defendant McCluskey against the defendants Neil
and the Commercial National Bank.

The appellant Neil and one McCluskey entered into
a written lease contract with M. G. Chrisman, appellee,
wherein Neil and McCluskey leased from the said
Chrisman, as receiver, approximately 300 acres of
land upon which was growing a volunteer crop of
cotton, and for which they agreed to pay as rental
therefor $7.50 an acre, and covenanted, among other

9. Demurrer for misjoinder of causes of action, see note in 3 Ann.
Cas. 287. See, also, 1 R. C. L. 367.
    See 1 C. J. 1059; 3 C. J. 1017; 36 C. J. 442, 479 (1926 Anno.);
23 Cyc. 1157; 30 Cyc. 31; 31 Cyc. 719.

things, to pay for all electrical energy furnished for the pumping of water for the crop.

The lease was formally executed August 24, 1921, and on or about that same date McCluskey sold to Neil his entire interest in said lease; Neil thereafter cultivating and irrigating the crop alone. The land was irrigated by means of pumps operated by electrical power furnished by a private electric power company; the contract for such power being made directly by Neil and McCluskey with such company. Neil thereafter became delinquent in his payment for electrical energy furnished, and the current was shut off by the company.

On or about October 11, 1921, Chrisman, as receiver, brought suit against Neil for breach of the lease, asking, among other things, for the sum of $2,250, rent due, and the costs of the action. The action was subsequently dismissed by Chrisman upon the payment to him by Neil of the rent and costs of suit. On the 19th of October, 1921, the present suit was instituted, alleging a breach of the conditions and covenants of the lease, praying, among other things, for rent on 50 additional acres of land leased to defendant Neil under a verbal agreement, and that the plaintiff have a lien on the crops for the amount of the unpaid power bill owed by Neil to the power company, under the covenant of Neil with the plaintiff to pay such power bill, and that the lien be foreclosed.

The court below gave plaintiff judgment for $337.50, rent found due and unpaid, against Neil, and declared that sum a subsisting lien upon all the cotton, and found that there was due and unpaid by Neil to the power company the sum of $1,446.60 for electrical power, which was also declared to be a lien upon the crop of cotton. The court further found for the defendant McCluskey upon all his claims, and ordered

that he have a lien secondary to the lien of the plaintiff upon all the cotton to secure the sums owing to him by the defendant Neil. The court ordered a foreclosure of the appellee's lien upon the cotton, with the usual provision as to the sale of the same and the application of the proceeds.

This appeal is prosecuted by Neil alone against so much of the judgment as adjudicates the rights and liabilities of himself and the plaintiff in the court below, Chrisman.

The first question to be settled is whether appellant may prosecute this appeal without having made William McCluskey, a defendant in the court below, a party thereto. It appears from the record that McCluskey had sold his interest in the undertaking to his partner, J. M. Neil, the appellant herein, and by the judgment of the lower court was given a lien against the cotton crop of appellant for the unpaid purchase price of his interest, and further to secure to him "the payment of said rent and charges and expenses of electrical energy out of the said cotton or proceeds thereof."

Paragraph 1234, Civil Code of 1913, provides:

"An appeal shall be taken by the party taking the same giving notice of appeal in open court, which shall be entered in the minutes of the court, or by a written notice which shall be served upon the adverse party or his attorney, and filed with the clerk of the superior court."

Whether or not McCluskey is an adverse party determines the necessity for making him a party to this appeal. Will he be affected one way or another by the action of this court in this case? He was a partner of the appellant. With appellant he was liable for the payment of the rent to appellee. The lower court gave appellee a lien for the payment of the rent money against the crop of appellant; McCluskey

having sold his interest in this crop to appellant. The lower court gave McCluskey a lien against this crop for the purchase price due to him from appellant and for the unpaid charges of the power company for electrical energy furnished, with which to pump water to irrigate the crop. How could McCluskey be affected one way or another by action of this court, favorable or unfavorable to appellant? He is secured by his lien for his purchase price, for rent money due appellee, and for payment of the electrical energy charges.

"Adverse party" has been defined by a great many courts. In the case of *Senter* v. *De Bernal,* 38 Cal. 640, "adverse party" is defined as:

"Every party whose interest in the subject matter of the appeal is adverse to or will be affected by the reversal or modification of the judgment or order from which the appeal has been taken."

In *Williams* v. *Association,* 66 Cal. 195, 5 Pac. 85, it was held that the court did not have jurisdiction to hear an appeal from a judgment, unless the appellant had served the notice of appeal upon the adverse parties; that is to say, upon all whose rights might be affected by a reversal of the judgment, or, where the appeal was from part of the judgment, by a reversal of the part appealed from. In *Power* v. *Murphy,* 26 Mont. 387, 68 Pac. 411, it was said:

"A party is adverse who has an interest in opposing the object sought to be accomplished by the appeal."

McCluskey certainly has no interest in opposing the object sought to be accomplished by this appeal. Appellant is attempting to reverse the lower court's judgment against him. If the judgment is reversed, McCluskey's lien will be sole and exclusive. If the judgment is affirmed McCluskey's lien will still have all the force and efficacy it possessed prior to the

appeal. He cannot be injured by either action of this court. This test has been applied also in the following cases: *Davidson* v. *Jennings,* 27 Colo. 187, 83 Am. St. Rep. 49, 48 L. R. A. 340, 60 Pac. 354; *Seattle Trust Co.* v. *Pitner,* 17 Wash. 365, 49 Pac. 505; *Anderson* v. *Red Metal Mining Co.,* 36 Mont. 312, 93 Pac. 44; *Watson* v. *Noonday Mining Co.,* 37 Or. 287, 55 Pac. 867, 58 Pac. 36, 60 Pac. 994; *Brewster* v. *Wakefield,* 22 How. 118, 16 L. Ed. 301 (see, also, Rose's U. S. Notes).

Appellant contends that the court erred in entering judgment declaring a lien in favor of appellee for the amount of the power bill owed by appellant to the Central Arizona Light & Power Co., and asserts that the pleadings and evidence concerning same were insufficient to warrant the judgment based thereon.

The lease between the parties provides:

"Parties of the second part further agree that they will immediately enter into possession of the said leased premises, and at their own expense proceed to irrigate and cultivate all of the lands, . . . paying all charges and expenses thereof including water charges and assessments and all charges and expenses of electric energy required or used by them in connection therewith."

"And the said second parties hereby expressly give and grant to the said first party as security for the payment of the said rent so to become due hereunder and in addition to the landlord's lien created by statute, a first mortgage lien upon and covering all crops grown and to be grown on the said leased premises during the term thereof, and to further secure the faithful observance and performance of all and singular the promises, covenants, and agreements herein contained to be kept, observed, and performed on the part of the second parties hereto as hereinafter set forth."

"Second parties further agree that, at the expiration of this lease, they will quit and surrender peaceful possession thereof under the order of the court in said cause No. 13908, and further agree that, if they

should fail, neglect, or refuse to make any of the payments of rent herein reserved at the time and in the manner, and in the amounts herein provided, or shall fail to do, observe, or perform all or any of the promises, covenants, and agreements herein contained, to be on their part kept, observed, and performed, that then and in that event, or any of them, the party of the first part may, at his election, declare this contract and lease terminated and at an end, when and whereupon the first party shall be entitled to immediately re-enter into possession of the said leased premises and each and every part thereof, and to take possession of and hold, use and dispose of, subject to the order and direction of the superior court of Maricopa county, Arizona, all of the crops then grown or growing on the said premises.''

It will thus be seen that, by the terms of the lease, the second parties agree to pay to the first party $7.50 per acre for each and every acre leased and farmed by them out of the first proceeds received by them from the crops grown, and they covenant to keep paid the bills for electric energy furnished to them for pumping water with which to irrigate the said crops. But nowhere is there given a lien for the specific amount of the charges for electric energy. If such were the case it might well be that the lessee would be held bound by his solemn written agreement and could not now be heard to contest the lessor's right to have a lien for such charges. But the lien is given for the faithful observance and performance of the terms, conditions and covenants of the lease, and in such case the lien simply secures liabilities incurred by the lessor by reason of a breach thereof by the lessee.

The lease contract is made a part of plaintiff appellee's complaint, and a breach of the same is alleged with reference to the nonpayment of rent and the nonpayment of power charges; but nowhere in the pleadings or in the evidence is it alleged or shown

that plaintiff suffered any damage or liability on account of the failure of defendant to pay the power charges. The evidence, on the contrary, shows that the agreement for the furnishing of power was made by the lessee tenants and the company, and that the company charged the defendant appellant and McCluskey personally upon the company's books. There is no lien against lands or crops for power charges in favor of private companies in this state, either by statute or by virtue of the common law, and consequently plaintiff's interests as receiver of the land (the Avondale project) were unaffected by the defendant's failure to pay these power charges. He had no interest in recovering for the power company, and the court erred in fastening a lien upon defendant's crops in favor of the power company which was not a party to the action, or in favor of the plaintiff for the benefit of the power company, in the face of a failure of a showing of a right of the plaintiff to recover for the company.

A suit cannot be maintained where it appears from the declaration itself that the right of action is not in the party suing, but in another. *Haynes* v. *Ezell,* 25 Miss. 242. In *Baxter* v. *Baxter,* 43 N. J. Eq. 82, 10 Atl. 814, Id., 44 N. J. Eq. 298, 18 Atl. 80, the rule is laid down that—

"No person can maintain an action respecting a subject matter, in respect to which he has no interest, right, or duty, either personal or fiduciary."

Appellant also complains of the judgment of the lower court as to the finding that plaintiff was entitled to recover under the verbal lease set out in paragraph 8 of plaintiff's complaint, which reads as follows:

"That, under and by virtue of the terms of said written lease, it was understood and agreed by and between the plaintiff and the defendants Neil and

McCluskey that they, the said defendants, should go into possession and hold thereunder only three hundred (300) acres of land; that thereafter, to wit, after the date of the execution of said lease, and before the commencement of this action, the said defendants Neil and McCluskey did promise and agree to and with the plaintiff to take and hold certain other parts and portions of said sections seven (7) and eight (8), township 1 north, range 1 west of the Gila and Salt River base and meridian, in Maricopa county, Arizona, being a portion of the said real estate of which the plaintiff was then and there receiver as aforesaid, other than and in addition to said three hundred (300) acres so expressly described in said written lease, which said additional parts and portions of said real estate were then and there designated, but the exact amount of acreage was not then determined, as tenants of the plaintiff, under, subject to, and by virtue of the terms and stipulations of said written lease; and said defendants Neil and McCluskey did then and there promise and agree that they would hold all of said additional portions of said real estate as such tenants, under and subject to the terms of said written lease, the same as if all of said additional portions of said real estate had been expressly described in said written lease; and they did further promise and agree that the amount of acreage contained in said additional portions of said real estate should thereafter be determined, and that they would pay for said additional acreage rent at the same terms and at the same rate as provided in said written lease, according to the amount of additional acreage so determined, in addition to the rent provided to be paid in said written lease; that said promise and agreement between the said plaintiff and the said defendants Neil and McCluskey in reference to said additional acreage shall hereafter in this complaint be designated and termed the 'agreement'; that thereafter, and before the commencement of this action, it was determined by actual survey made by competent engineers that said additional portions of said real estate contained fifty and five-tenths (50.5) acres of land, and that the entire tract of land and portions

and parts of said sections 7 and 8 so leased and demised by said written lease, and so leased and demised by said 'agreement' for said additional portions, and of which said defendants Neil and McCluskey went into possession under said lease and said 'agreement,' as hereinafter stated, did at all of said times, and does now, contain three hundred fifty and five tenths (350.5) acres of land.''

Two grounds are set up by appellant as error by the lower court in this respect: First, that there was no evidence upon which to base such a finding; and, second, that the matter of rent for the leased premises was adjudicated by the payment of rent demanded in an action denominated action No. 14,953, by the plaintiff appellee against defendant appellant herein and by the dismissal of that action.

The record shows ample evidence upon which the lower court could base judgment. A survey of the land being cultivated was had, determining the acreage to be 350.5 acres; the testimony showed that appellant and McCluskey agreed to cultivate acreage in addition to the 300 acres specified in the written lease, and to pay for the additional acreage under the terms and conditions of the written lease.

The payment of rent by the defendant appellant demanded in action No. 14,953, and its dismissal prior to the initiating of the present suit, do not constitute a bar to its maintenance. The evidence shows that the measurement of the crop land was had after the dismissal of the first action against appellant herein for rent, and that the agreement was that appellant should pay for each acre cultivated in excess of the 300 acres the price of $7.50 per acre. This action is brought upon an agreement subsequent to the one sued on in action No. 14,953, which has been pleaded in bar, and the record shows that the latter was dismissed by plaintiff before the trial, without prejudice. *Res adjudicata,* settlement, or accord and satisfaction

cannot be successfully maintained by the appellant for the reason that the agreement sued on in the present case is not the one that was relied upon for recovery in case No. 14,953, and the payment of rent in that action was for the 300 acres mentioned in the written contract; this agreement, being supplemental to the written contract, and the arrangement between appellant and appellee as to the latter agreement being that an ascertainment of the extra acreage be determined later and payment made and the crop cultivated and harvested under the terms of the original contract.

Appellant also complains that the appellee was not required in the court below to elect between two remedies set forth in the complaint prior to the time of trial. The complaint, in fact, can be construed to set forth but one cause of action—the foreclosure of the chattel, or equitable, mortgage evidenced by the paragraphs hereinbefore quoted from the written lease, which was made applicable to the situation by the terms of the supplemental oral agreement. The complaint shows but one primary right and an infraction thereof, and although various kinds of relief are requested, appellant cannot insist that there has been a misjoinder of causes. This rule is laid down in Pomeroy's Code Remedies, 4th ed., 346–356, and in 1 C. J. 1059, 1060.

In the lower court appellant merely requested the court to require appellee to elect. If the complaint had set forth inconsistent causes of action, the proper procedure was not followed to cure such defect. Paragraphs 468 and 469 of the Civil Code of 1913 provide that the defendant may demur to the complaint, when it appears upon the face thereof that several causes of action are improperly united, and that, if no such objection is made, the defendant shall be deemed to have waived the same.

It follows, therefore, that the judgment should be sustained, with the exception of the placing of a lien on the crop for unpaid power charges, and the order of sale of the crop for the purpose, among others, of paying such charges. The lower court is directed to modify the judgment in this respect, eliminating that part of the judgment providing for the lien for unpaid power charges and the payment from the proceeds of the sale of crops of such charges. In all other respects the judgment should stand.

McALISTER, C. J., and ROSS, J., concur.

LYMAN, J., having tried the case in the lower court, was disqualified, and Honorable GEORGE R. DARNELL, Judge of the Superior Court of Pima County, was called to sit in his stead.