577 P.2d 1

HUGH KELLY ENTERPRISES, INC., a corporation, Appellant,

v.

FERRY–MORSE SEED COMPANY, a corporation, Appellee.

No. 1 CA–CIV 3633.

Court of Appeals of Arizona, Division 1, Department A.

March 7, 1978.

Law Offices of Kelly & Kelly, P. C. by Hubert E. Kelly, Michael E. Kelly, Phoenix, for appellant.

Wilson, McConnell & Kahn, P. C. by Beverly J. McConnell, D. Jay Ryan, Phoenix, for appellee.

## OPINION

FROEB, Chief Judge.

Ferry-Morse Seed Company, a corporation, sued Hugh Kelly Enterprises, Inc., a corporation, and others not parties to this appeal, to recover upon an open account. The trial court granted summary judgment in favor of Ferry-Morse in the sum of $21,-982.96 plus interest and costs.

■ The first issue is whether the appeal is timely. The judgment was entered May 28, 1976. A motion to alter, vacate or amend judgment, or, in the alternative, for reconsideration, was filed June 7, 1976, and denied by written order on June 28, 1976. Notice of appeal was filed August 20, 1976. The appeal is timely. *Hegel v. O'Malley Insurance Co., Inc.*, 573 P.2d 485 (filed December 14, 1977).

The next issue goes to the propriety of summary judgment. The only genuine issue of material fact standing in the way of summary judgment for Ferry-Morse was whether it was the owner of the account sued upon. Hugh Kelly Enterprises contended that Ferry-Morse had assigned the account to United Mercantile Agencies, Inc. Ferry-Morse sought to cure the problem and eliminate the issue by filing a written assignment by which any and all interest of United Mercantile was transferred and quitclaimed to Ferry-Morse. The assignment was not controverted but it did create one further issue which Hugh Kelly Enterprises contends is grounds for reversal of the judgment. It argues that the assignment could only mean that Ferry-Morse was not the owner of the account when the complaint was filed; that an action must be brought by the real party in interest; that not having been brought by the real party in interest, the complaint is defective; and that if the complaint is defective, the judgment is improper. His basic argument is that the assignment worked a change in the real party in interest.

The trial court did not err in awarding judgment to Ferry-Morse. If Ferry-Morse had never assigned the account to United Mercantile, the assignment transferred nothing and it acted merely as a quitclaim. If Ferry-Morse had previously assigned the account to United Mercantile, the written assignment revested ownership in Ferry-Morse. Either way the issue of fact as to ownership was eliminated from the case.

The only remaining question is whether the complaint supports the judgment. We hold that it does. If we assume the complaint was not brought by the real party in interest when it was filed, the deficiency was cured by the assignment. R.Civ.Proc., Rule 17(a), states in part:

Every action shall be prosecuted in the name of the real party in interest. . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

We hold that the assignment was tantamount to a "ratification of commencement of the action by . . . the real party in interest." Since Rule 17(a) states that the ratification shall have the same effect as if the action had been commenced in the name of the real party in interest, it is clear that the complaint supports the judgment entered by the trial court.

The final issue relates to the assessment of attorney's fees. Ferry-Morse refers us to A.R.S. § 12–341.01 which allows for an award of attorney's fees to the successful party in "any contested action arising out of contract, express or implied." The effective date of this statute was September 23, 1976. The judgment in this case was entered on May 28, 1976. Ferry-Morse makes no claim for attorney's fees incurred in the trial court but seeks an award for attorney's fees incurred on appeal. We decline to consider the applicability of A.R.S. § 12–341.01, but since it appears to us that this appeal is frivolous and was brought only for the purpose of delaying the enforcement of the judgment, pursuant to A.R.S. § 12–2106, we hereby assess damages in the nature of attorney's fees against appellant and in favor of appellee in the sum of $750.00 and direct the trial court to enter judgment for such sum.

The judgment is affirmed.

HAIRE, P. J., and NELSON, J., concurring.