602 P.2d 469

Jerry R. BOHONUS, Appellant,

v.

AMERCO, a Nevada Corporation; Amerco, Inc., an Oregon Corporation; Ponderosa Insurance Agency, Inc., an Arizona Corporation; Oxford Life Insurance Co., an Arizona Corporation; Republic Western Life Insurance Company, an Arizona Corporation, and Republic Western Insurance Company, an Arizona Corporation, Appellees.

No. 14445.

Supreme Court of Arizona, En Banc.

Oct. 5, 1979.

Rehearing Denied Nov. 14, 1979.

Jerry R. Bohonus, in pro per.

Mariscal, Weeks, McIntyre & Friedlander by Richard A. Friedlander, Phoenix, for appellees.

HAYS, Justice.

Appellee Amerco, plaintiff below, secured a judgment against appellant Bohonus, de-

fendant below, and sought to enforce that judgment by judicial sale of Bohonus' interest in a partnership. The initial litigation involved numerous parties and was prolonged. At the time summary judgment was entered against Bohonus, his attorney had withdrawn and he was acting as his own attorney. He attempted to appeal from the summary judgment and from the judgment enforcement proceedings. Before the case was transferred to this court pursuant to Rule 19(e) of the Rules of Civil Appellate Procedure, the Court of Appeals ruled that his appeal from the initial summary judgment was not timely. We concur in this ruling.

The first issue before us is: *May the trial court order the sale of partnership property to satisfy the individual debt of a partner?*

The appellee, Amerco, after it secured a judgment against the appellant, Bohonus, sought a charging order from the court pursuant to A.R.S. § 29–228, a provision embodied in the Uniform Partnership Act. The court granted the request for a charging order and as a part of that order mandated the sale of appellant's interest in the assets and property of the partnership business, including a spiritous liquor license. The sheriff proceeded with the sale and filed his return.

We now look at the partnership statute. A.R.S. § 29–225(B)(3) says:

"A partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership. . . ."

A.R.S. § 29–224 sets forth the extent of the property rights of the partner:

"The property rights of a partner are:
1. His rights in specific partnership property.
2. His interest in the partnership.
3. His right to participate in the management."

A.R.S. § 29–226 defines "a partner's interest" :

"A partner's interest in the partnership is his share of the profits and surplus, and the same is personal property."

A.R.S. § 29–228 reads, in pertinent part, as follows:

"A. On due application to a competent court by any judgment creditor of a partner, the court which entered the judgment, order, or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of such judgment debt with interest thereon; and may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him in respect of the partnership, and make all other orders, directions, accounts and inquiries which the debtor partner might have made, or which the circumstances of the case may require." 

With the foregoing statutes in mind, we note that it is only a partner's interest in the partnership which may be charged and, in some jurisdictions, sold. It cannot be overemphasized that "interest in the partnership" has a special limited meaning in the context of the Uniform Partnership Act and hence in the Arizona statutes.

The appellee urges that somehow A.R.S. § 29–228(A), *supra*, authorizes the sale of partnership assets and property. We note that the record reflects that pursuant to the provisions of the same statute a receiver was appointed in this case. The fact of the receivership provision enforces the conclusion that only the "interest in the partnership" may be charged and we find no provision therein for sale of assets or property of the partnership.

Appellee seeks aid and comfort in the language of A.R.S. § 29–232(B) which provides for dissolution of the partnership upon application of the purchaser of a partner's interest under §§ 29–227 or 29–228. No decree of dissolution however has been asked for here.

We concur with appellee's position that the charged interest of a debtor-partner can be sold, but further enforcement of the creditor's rights must be pursuant to statute. *See* A.R.S. § 29–232(B) and *Tupper v. Kroc*, 88 Nev. 146, 494 P.2d 1275 (1972).

However, this in nowise makes the sale of the partnership assets valid.

Appellee next contends that even if partnership property is not subject to judicial sale, since appellant never raised this issue at the trial level he may not now raise it for the first time on appeal.

■ Although appellee correctly states the generally accepted rule [*Bible v. First National Bank of Rawlins*, 21 Ariz.App. 54, 515 P.2d 351 (1973); *National Car Rental v. Fox*, 18 Ariz.App. 160, 500 P.2d 1148 (1972)], this court has previously held that ". . . to this rule there are many exceptions." *Town of South Tucson v. Board of Supervisors of Pima County*, 52 Ariz. 575, 582, 84 P.2d 581, 584 (1938).

One of these exceptions was cited in *Rubens v. Costello*, 75 Ariz. 5, 9, 251 P.2d 306, 308 (1952), where we held that,

"[A] legal principle, although not suggested by either party at the trial (and we include on appeal) should be adopted in order to finally dispose of a cause on appeal if this impels the speedy enforcement of a right, or redress of a wrong, and, as a correct exposition of the law, is appropriate to the facts involved." *See also Hormel v. Helvering*, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037 (1941).

In the instant case, there is clearly a wrong to be redressed. The Uniform Partnership Act, which, as we have stated, prohibits the sale of partnership property in order to satisfy the nonpartnership debts of individual partners, has been contravened by the lower court's order. This error must be rectified.

Appellee's final contention requires a chronology of procedural events. Partial summary judgment was entered against appellant on July 27, 1977. On September 22, 1977 the lower court issued one order (1) denying appellant's motion for reconsideration, (2) garnishing appellant's bank account, and (3) ordering the sale of appellant's "partnership interest" as well as a separate "Order for Sale of Partnership Interest." A writ of execution was entered pursuant thereto one week later. On October 13, 1977, appellant filed a notice of appeal "from the judgment entered in the above-entitled action on the 25th [sic] of July, 1977 . . . ." Appellant served appellee with a motion to quash the writ of execution on October 18, 1977 and on November 18, 1977 filed an amended notice of appeal from the September 22 judgment ". . . and from the whole thereof." At the November 28, 1977 hearing on appellant's Motion to Quash, appellee, apparently concerned that the pending appeal deprived the trial court of jurisdiction, questioned the appellant regarding precisely which judgment(s) were included in his appeals. Appellant responded:

"The notice of appeal was directed to the Court's decision to reaffirm the original judgment that was entered into against me, which was reaffirmed on or about September 21st or 22nd, whatever."

Appellee contends that appellant thus represented that his appeal was directed not at the order for the sale of his partnership interest, but instead at the July 27 summary judgment entered against him and that appellant should thus be estopped from now asserting that the instant appeal concerns the Order of Sale.

Appellee relies on the doctrine of judicial estoppel.

"Generally, the doctrine states that a party who has assumed a particular position in one judicial proceeding will not be allowed to assume an inconsistent position in a subsequent proceeding." *Standage Ventures, Inc. v. State*, 114 Ariz. 480, 483, 562 P.2d 360, 363 (1977).

■ Although the doctrine appears applicable, appellee's claim is without merit. As a general rule, it is essential to the existence of an estoppel that the representation be relied upon and that such reliance be justifiable. *Joy Enterprises, Inc. v. Reppel*, 112 Ariz. 42, 537 P.2d 591 (1975); *Graham v. Asbury*, 112 Ariz. 184, 540 P.2d 656 (1975). Reliance is not justified where knowledge to the contrary exists. *See Hobbs v. McLean*, 117 U.S. 567, 6 S.Ct. 870, 29 L.Ed. 940 (1886). Here, appellant's Amended Notice of Appeal, by its terms,

was from the September 22, 1977 judgment ". . . and from the whole thereof" and was not limited merely to the denial of the reconsideration. Appellee clearly knew the appeal included the sale of appellant's partnership interest and cannot now be heard to argue otherwise.

For the foregoing reasons, we reverse and remand to the trial court for proceedings consistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.