657 P.2d 410

Susan Hope Frisque DOWELL,
Plaintiff-Appellant,

v.

Dave ROSS and Jane Doe Ross, husband
and wife; John Hovis and Jane Doe
Hovis, husband and wife; William
Hainke and Jane Doe Hainke, husband
and wife; Harry Pauldan and Jane Doe
Pauldan, husband and wife; Rudy Arm-
strong and Jane Doe Armstrong, hus-
band and wife, Defendants-Appellees.

No. 15850.

Supreme Court of Arizona,
En Banc.

Dec. 22, 1982.

Rehearing Denied Feb. 1, 1983.

Kleinman, Carroll & Kleinman by Frank
Lesselyong, Phoenix, for plaintiff-appellant.

Black, Robertshaw, Frederick, Copple &
Wright by Jon R. Pozgay and Harold A.
Frederick, Phoenix, for defendants-appel-
lees.

HOLOHAN, Chief Justice.

The plaintiff Susan Dowell appeals a de-
nial by the trial court of her motion to
reinstate her cause of action after summary
judgment and the dismissal of a later sepa-
rate cause of action arising out of the same
fact situation. The appeals were consoli-
dated, and we have jurisdiction pursuant to
A.R.S. § 12–2101 and Rule 19(e), Arizona
Rules of Civil Appellate Procedure, 17A
A.R.S.

We must answer only one question on
appeal: Did our decision in *Ross v. Superior
Court,* 128 Ariz. 301, 625 P.2d 890 (1981)
preclude Dowell from taking advantage of
a subsequent change in the statute?

The facts necessary for a determination
of this issue are as follows. Susan Dowell
was injured in an industrial accident on
July 23, 1979 in which it is alleged that the
non-employer defendants, Ross *et al,* were
liable. Because she did not bring suit with-
in a year after the injury, her claim was,
pursuant to the statute at the time (A.R.S.
§ 23–1023(B)), assigned by operation of law
to the industrial carrier. Dowell then
brought an action against Ross based on the

carrier's reassignment to her of its interest in her claim against third parties. Ross petitioned this court for relief by way of special action, and we accepted jurisdiction. We held that the claim, once assigned to the insurance carrier by operation of law, was neither assignable to a third person nor reassignable to the claimant and directed that summary judgment be entered for Ross. *Ross v. Superior Court, supra.*

In apparent response to our decision in *Ross, supra,* the Arizona legislature amended A.R.S. § 23–1023 effective April 27, 1981. Laws 1981, Ch. 226, § 1. The amendment specifically allowed a reassignment of claims to an injured employee, and gave them the same right after reassignment as if the third party claim had been filed in the first year after the injury. The statute also provided:

"A. Any claim which was or may be commenced pursuant to assignment or reassignment under § 23–1023, Arizona Revised Statutes, as amended by Laws 1968, fourth special session, chapter 6, § 38, and further amended by Laws 1971, chapter 73, § 16, and Laws 1974, chapter 184, § 14, prior to expiration of the statute of limitations and which has not been finally adjudicated or which is currently being appealed or for which time for appeal has not expired shall be valid. After the reassignment, the employee entitled to compensation or his dependents shall have the same rights to pursue the claim as if it had been filed within the first year.

B. No cause of action shall be revived by this section if that cause of action is barred by a limitation of actions as provided in title 12, chapter 5, Arizona Revised Statutes. The provisions of § 12–505, subsection A, Arizona Revised Statutes, shall not apply to this section."

Laws 1981, Chapter 226, § 2(A) & (B).

This amended statute, in effect, allows a claim by the injured workman to be commenced against a negligent third party any time before the A.R.S. § 12–542 two-year statute of limitations for personal injury runs, so long as it has not been fully adjudi-

cated, is currently being appealed, or the appeal time has not expired. We upheld the validity of this statute in *Chevron Chemical Co. v. Superior Court,* 131 Ariz. 431, 641 P.2d 1275 (1982).

On April 6, 1981 in compliance with the mandate of this court, the trial court executed a formal written judgment denying relief to appellant. On May 6, 1981, 30 days after the trial court entered judgment in favor of appellees, appellant Dowell filed a motion to reinstate her action. That motion was denied. In addition, Dowell filed, May 8, 1981, a new and separate action. That action was dismissed upon appellees' motion. Both filings were within two years of the accident. Dowell appealed both the denial of the motion and the dismissal of the action. The two appeals were consolidated in the Court of Appeals, and the consolidated appeals were transferred to this court.

Appellees contend that the decision in *Ross, supra,* was res judicata and barred any claim under the amended statute. We agree. This court remanded the original case (*Ross, supra*) to the trial court with directions to enter summary judgment against appellant Dowell. The granting of a motion for summary judgment is a bar to a later suit on the same cause of action. *Union Interchange, Inc. v. Van Aalsburg,* 102 Ariz. 461, 432 P.2d 589 (1967), *accord, El Paso Nat. Gas Co. v. State,* 123 Ariz. 219, 599 P.2d 175 (1979), *cert. denied,* 445 U.S. 938, 100 S.Ct. 1331, 63 L.Ed.2d 772 (1980). The decision in *Ross, supra,* finally adjudicated the issue of appellant's right to bring an action against the appellees. The appeal was completed and a final judgment entered before the effective date of the statutory amendment. The trial court was correct in ruling that the matter had been finally adjudicated and appellant was barred from further litigation of her claim. The orders of the trial court are affirmed.

GORDON, V.C.J., HAYS, J., and LEVI RAY HAIRE, Vice Chief Judge, Division One, Court of Appeals, concur.

**424**

Note: Justice Stanley G. Feldman having announced his disqualification from any participation in this matter, The Honorable Levi Ray Haire, Vice Chief Judge, Division One, Court of Appeals, was asked to sit in his stead.

CAMERON, Justice, dissenting.

The matter was remanded to the trial court with directions to enter summary judgment against Dowell. I agree that the granting of a motion for summary judgment can be a bar to a later suit on the same cause of action. *Union Interchange, Inc. v. Van Aalsburg,* 102 Ariz. 461, 432 P.2d 589 (1967), *accord El Paso Nat. Gas Co. v. State,* 123 Ariz. 219, 599 P.2d 175 (1979), cert. denied 445 U.S. 938, 100 S.Ct. 1331, 63 L.Ed.2d 772 (1980). The judgment, however, is conclusive only as to points "raised by the record" in the motion for summary judgment. *Hoff v. City of Mesa,* 86 Ariz. 259, 344 P.2d 1013 (1959). If the issues were not raised by the record, another action may be brought to settle a new issue.

The issue of the retroactive application of this statute to Dowell was not considered in *Ross v. Superior Court,* 128 Ariz. 301, 625 P.2d 890 (1981). Indeed, it could not have been considered as the statute was not changed until after our opinion in that case. Thus, this question was never litigated in the previous case of *Ross,* supra, and the matter was not "finally adjudicated" for the purposes of the statute. Laws 1981, Ch. 226, § 2, subd. A.

I believe that Dowell has the same rights under the new statute as other litigants similarly situated. The legislature restored a barred remedy, *Cooper v. Stevedoring of La., Inc. v. Washington,* 556 F.2d 268 (5th Cir.1977), reh. denied 560 F.2d 1023 (1977); *Campbell v. Holt,* 115 U.S. 620, 6 S.Ct. 209, 29 L.Ed. 483 (1885); *Chase Securities Corp. v. Donaldson,* 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945), reh. denied 325 U.S. 896, 65 S.Ct. 1561, 89 L.Ed. 2006 (1945), and Dowell is not barred from taking advantage of the statute because of Ross, supra.

The decision of the majority means that every worker who commenced an action against a negligent third party before the two year statute of limitations can be heard by the court, while Dowell, who was instrumental in getting the law changed, may not obtain the same relief that all others similarly situated may enjoy. This is a denial of equal protection of the law, and I therefore dissent.