734 P.2d 604

**Stanley M. DUNN, Plaintiff-Appellant,**

v.

**PROGRESS INDUSTRIES, INC. an Illinois corporation, Defendant-Appellee.**

**No. 1 CA–CIV 8526.**

Court of Appeals of Arizona, Division 1, Department D.

Nov. 6, 1986.

Reconsideration Denied Jan. 7, 1987.

Review Denied March 17, 1987.

Charles, Smith & Bellah by David Burnell Smith, Glendale, for plaintiff-appellant.

Gallagher & Kennedy by James William Junker, Eileen M. Berens, Phoenix, for defendant-appellee.

## OPINION

GRANT, Judge.

This appeal arises out of an action by appellant, Stanley M. Dunn (Dunn), to recover damages for personal injuries sustained as a result of a truck accident. The trial court granted summary judgment in favor of appellee, Progress Industries, Inc. (Progress). Guided by the principle that summary judgment is improper provided there is any genuine issue of material fact, *Livingston v. Citizen's Utility, Inc.*, 107 Ariz. 62, 481 P.2d 855 (1971), we consider the facts of this case in a light most favorable to Dunn. *See Farmers Ins. Co. of Ariz. v. Vagnozzi*, 138 Ariz. 443, 675 P.2d 703 (1983).

## FACTS

On November 2, 1982, Dunn was driving a 1976 freightliner truck on Interstate 10 near Tucson, Arizona. Traveling in front of Dunn was a vehicle driven by James Foster, employed by Progress. A spare tire, attached to the rear of Foster's vehicle, fell off into the lane occupied by Dunn. In an effort to evade the tire, Dunn collided with the median wall in the center lane and was injured.

On November 4, 1982, Dunn filed an industrial claim with his employer, Safeway Stores, Inc. The claim was accepted for benefits on November 15, 1982, and Dunn received medical and other benefits under the Arizona Workers' Compensation Act.

Within two years thereafter, on October 31, 1984, Dunn filed a complaint in superior court seeking recovery for his injuries from several defendants, including Progress. In February 1985, Progress moved for summary judgment on the ground that Dunn's claim was barred because at the time of its filing the cause of action had already been assigned to Dunn's workers' compensation carrier by operation of law pursuant to A.R.S. § 23-1023(B). Progress further noted in its motion that because the two-year statute of limitations for personal injuries, A.R.S. § 12–542, had expired without reassignment of the cause of action, the claim was completely time barred. On or about March 12, 1985, Dunn obtained a retroactive reassignment of his industrial claim cause of action from his employer, Safeway Stores, Inc.

By a minute entry dated June 18, 1985, the trial court granted Progress's motion for summary judgment on the ground that Dunn's claim was barred because the reassignment occurred after the statute of limitations had run. This appeal followed.

## ISSUES

Dunn first argues that a triable issue exists as to whether Progress was estopped from asserting the statute of limitations defense. Dunn also contends that as a matter of law the reassignment of the claim was retroactive, thus preserving the cause of action.

## ESTOPPEL

In support of his argument that a prima facie case of estoppel exists, Dunn points out that he submitted to the trial court an affidavit setting forth the following facts: 1) Dunn was contacted by the insurance company representing Progress before November 2, 1984, and was advised that his claim would be settled as soon as his medical condition stabilized; and 2) on October 29, 1984, Dunn received a letter from a claims adjuster of Progress's insurance company misinforming Dunn that he had until November 2, 1985, to file a lawsuit. Dunn maintains that a reasonable person could conclude that as a result of these representations Dunn was induced not to file his claim within the statutory period and further induced not to obtain the necessary reassignment prior to the expiration of the statutory period.

At the outset we note that to the extent Dunn contends these two representations caused him not to meet the limitations period for a personal injury claim, his estoppel argument is misplaced. Indeed, Dunn did commence this lawsuit within the two-year statutory period for personal injuries estab-

64

lished by A.R.S. § 12–542. However, Dunn failed to bring suit within one year of the accident. Dunn also did not obtain a reassignment of the claim prior to the expiration of the two-year statutory period. Accordingly, when Dunn filed his complaint, he was without statutory right to the negligence claim. *Stephens v. Textron, Inc.*, 127 Ariz. 227, 619 P.2d 736 (1980); *Hills v. Salt River Project Association*, 144 Ariz. 421, 698 P.2d 216 (App.1985). A.R.S. § 23–1023(B) provides in pertinent part as follows:

If the employee entitled to compensation under this chapter, or his dependents, does not pursue his or their remedy against such other person by instituting an action within one year after the cause of action accrues, the claim against such other person shall be deemed assigned to the insurance carrier, or to the person liable for the payment thereof. Such a claim so assigned may be prosecuted or compromised by the insurance carrier or the person liable for the payment thereof, or may be reassigned in its entirety to the employee or his dependents. After the reassignment, the employee entitled to compensation, or his dependents, shall have the same rights to pursue the claim as if it had been filed within the first year.

■ Therefore, the issue for our determination is whether there is any evidence of conduct by Progress or its agents which could have reasonably caused Dunn's failure to obtain a reassignment prior to the expiration of the statutory period. To avoid the trial court's grant of summary judgment, Dunn would have had to present evidence of the following elements: 1) conduct by Progress (or its agents) inducing Dunn to believe in a certain state of facts; 2) justifiable action by Dunn in reliance on the apparent facts; 3) injury to Dunn resulting from the reliance. *G & S Investments v. Belman*, 145 Ariz. 258, 700 P.2d 1358 (App.1985); *Darner Motor Sales v. Universal Underwriters*, 140 Ariz. 383, 682 P.2d 388 (1984).

On this record, there is no prima facie case of estoppel. Admittedly, the state-

ment that Dunn's claim was going to be settled could support a finding that Dunn generally believed it unnecessary to file this negligence suit. Nevertheless, as previously indicated, Dunn did commence the lawsuit within the two-year statutory period and, thus, any question of failing to file a claim is clearly not before us.

■ Assuming the admissibility of the settlement statement, we do not think that it standing alone, supports an inference that Dunn was induced to believe that a reassignment of his claim was unnecessary. Without additional evidence it is impossible to determine the effect, if any, of the statement. This absence of sufficient evidence of detrimental reliance precludes a prima facie case of estoppel. *Bohonus v. Amerco*, 124 Ariz. 88, 602 P.2d 469 (1979); *Matter of Estate of Musgrove*, 144 Ariz. 168, 696 P.2d 720 (App.1985). Indeed, Dunn's own affidavit belies detrimental reliance by claiming he was given the right to proceed with the suit by the agent representing Safeway's insurer.

■ We also find of no consequence the letter of October 29, 1984, misadvising Dunn of the two-year limitation period. Once again, without further evidence we cannot ascertain whether and how Dunn relied on this letter to his detriment. In sum, we believe these two representations fall far short of raising a material issue of estoppel.

RETROACTIVE REASSIGNMENT

■ We now address Dunn's second contention which is that the grant of summary judgment was improper because, as a matter of law, a retroactive assignment may be made under A.R.S. § 23–1023. Accordingly, Dunn contends that since the lawsuit was commenced prior to the expiration of the statute of limitations, the reassignment was retroactive to the date of filing the complaint. We do not accept this contention.

A.R.S. § 23–1023 provides in pertinent part that:

*After the reassignment*, the employee entitled to compensation, or his depend-

ents, shall have the same rights to pursue the claim as if it had been filed within the first year. [emphasis added.]

This statutory language has been interpreted to preclude a claim that a reassignment is retroactive. *Lawson v. Arnold,* 137 Ariz. 304, 670 P.2d 409 (App.1983).

Recent cases which address the retroactivity issue have concluded that reassignments are not retroactive under A.R.S. § 23–1023(B). *Lawson v. Arnold,* 137 Ariz. at 306, 670 P.2d at 411. *See also Stephens v. Textron, Inc.,* 127 Ariz. 227, 619 P.2d 736 (1980). As stated by the court in *Lawson,* an assignee stands in "no better position than the assignor." *Lawson v. Arnold,* 137 Ariz. at 306, 670 P.2d at 411, quoting *Stephens v. Textron, Inc.,* 127 Ariz. at 230, 619 P.2d at 739. Applying the principle to this case we conclude that no assignment can be retroactive. Since the Fund was barred by the statute of limitations, so was appellant. Dunn further argues that the whole point of the statute is to protect the employer's insurance carrier in the event the employee who received benefits did not pursue his remedy after one year. We agree with this statement. The carrier then would be entitled to another avenue of collection. As in this case, it is true that the carrier could have sought relief from Progress Industries during the year in which the claim was assigned to it. That the carrier did not seek relief during that year, however, does not mean that Dunn would have a longer period in which to seek relief from Progress Industries, Inc. *See Stephens v. Textron,* 127 Ariz. at 230, 619 P.2d at 739, *Dowell v. Ross,* 134 Ariz. 422, 657 P.2d 410 (1983). Accordingly, we affirm the grant of summary judgment.

BROOKS, J., concurs.

FROEB, Judge, specially concurring:

The majority holding is correct and in accordance with the two controlling cases on the subject. *Stephens v. Textron, Inc.,* 127 Ariz. 227, 619 P.2d 736 (1980); *Lawson v. Arnold,* 137 Ariz. 304, 670 P.2d 409 (App.1983).

I concur specially only to call attention to rules 15 and 17, Arizona Rules of Civil Procedure, and to suggest that application of one or both of these rules might have affected the outcome of both *Lawson* and *Stephens* had they been considered in those cases.

Dunn should have been able to maintain his cause of action against Progress through the application of rules 15(a), 15(c), and 17(c), Arizona Rules of Civil Procedure. Pursuant to rule 15(a), Dunn should have been allowed to amend his complaint to indicate that he had become the real party in interest after obtaining a reassignment of the claim. The amendment of Dunn's complaint would have related back to the date of the original complaint under rule 15(c), thereby defeating the asserted defense of the statute of limitations. Similarly, Dunn could have ratified his status as the real party in interest in accordance with rule 17(a), which has the same effect as if he had commenced the action in the name of the real party in interest. Thus, *under either* the rule allowing pleading amendments to relate back or the real party in interest rule, Dunn could maintain his claim.

One faulty assumption made under both *Stephens* and *Lawson* is that the insurer had nothing to reassign to the plaintiff after the running of the two-year statute of limitations. The statute of limitations is not a jurisdictional bar to a cause of action. It is an affirmative defense that must be raised or it is waived. Rules 8(d), 12(i), Arizona Rules of Civil Procedure. It has no legal effect upon a cause of action until the court enters an order giving it judicial effect by dismissing the complaint. Until then, it is nothing more than an allegation in the defendant's answer. Theoretically, a cause of action exists *ad infinitum.* Until the statute of limitations is ruled on by the court as a defense to the claim, the claim continues to exist in legal contemplation.

A.R.S. § 23–1023(B) specifically allows the reassignment of a claim from the insurer to the injured party, but the statute does not limit the time within which a reassignment may be made.

Progress argues that when Dunn filed his claim, he had no interest in it, and when he obtained the reassignment, the period of limitations had run. Asserting that Dunn did not have an interest in the claim when it was filed is tantamount to saying that Dunn was not the real party in interest. It is true that a suit cannot be maintained where the right of action does not exist in the plaintiff. *Neil v. Chrisman,* 26 Ariz. 566, 229 P. 92 (1924). Rule 17(a), Arizona Rules of Civil Procedure, states that, "Every action shall be prosecuted in the name of the real party in interest...." Although Dunn could not *maintain* his claim without being the real party in interest, when he became the real party in interest his claim *could* be maintained. Rule 17(a) allows for the ratification of the plaintiff's status as the real party in interest within a reasonable time.

Rule 17(a) is directly applicable to Dunn's cause of action. His lack of ownership in the claim is cured when he obtains the reassignment. As we held in *Hugh Kelly Enterprises, Inc. v. Ferry-Morse Seed Co.,* 118 Ariz. 392, 577 P.2d 1 (App.1978), assignment of the cause of action ratified the real party in interest's claim. Even though the plaintiff in *Hugh Kelly Enterprises* did not own his claim when it was filed, the assignment gave his claim life. We held that the ratification related back to the filing date of the original complaint by the operation of rule 17(a). In view of this, the asserted bar of the statute of limitations would be unavailing against Dunn's claim.

In addition to relief available under rule 17(a), the claim could also succeed through the application of rules 15(a) and 15(c). Rule 15(a) permits a party to amend his complaint within specific time periods or by leave of court. The rule adds that, "Leave to amend shall be freely given when justice requires." The complaint could have been amended to indicate that the plaintiff obtained a reassignment of the claim on March 12, 1985.

Rule 15(c) requires that an amendment arise from the same "conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading...." The rule would apply in this situation. For example, in a wrongful death action filed by the improper party before the statute of limitations had run, this court allowed the proper party to file an amendment to the complaint after the statutory period that related back to the original pleading. *Watts v. State,* 115 Ariz. 545, 566 P.2d 693 (App.1977). The rationale of *Watts* is that the defendant had notice of the exact nature of the claim within the limitations period. *See also* 3 J. Moore, *Federal Practice* para. 15.15[2], at 15–144 to –145 (2d ed. 1985) (substitution of parties should be allowed if a new cause of action is not stated by the amendment); 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1501, at 526–27 (1971) (relation back of amendments should be permitted when defendant has "adequate notice of the conduct, transaction, or occurrence upon which plaintiff bases his claim ...").

In the present case, the amendment to the complaint would relate to the same conduct, transaction, or occurrence that the original complaint set forth. The claim concerns the same subject matter and the same defendant. The only difference would be Dunn's restored interest in the claim. The statute of limitations does not defeat the claim at this point because it has no legal effect as a defense until it is ruled upon by the trial court and results in an order barring the plaintiff's cause of action.

In sum, while Dunn's claim is correctly dismissed by reason of the application of *Stephens* and *Lawson,* those decisions apparently did not consider the application of rules 17(a), 15(a), and 15(c). Through the application of these rules, a plaintiff's claim becomes viable when he ratifies his status as the real party in interest. The claim relates back to the filing date of his original complaint, thereby precluding the defense of the statute of limitations.