736 P.2d 825

**F.W. LEISURE INDUSTRIES, INC., an Arizona Corporation, Plaintiff/Appellant,**

v.

**COOK PAINT AND VARNISH COMPANY, Defendant/Appellee.**

No. 2 CA–CV 5962.

Court of Appeals of Arizona, Division 2, Department A.

March 31, 1987.

Fennemore, Craig, von Ammon, Udall & Powers, P.C. by Roger T. Hargrove and Law Offices of Steven J. Brown by Dean H. Steffy, Phoenix, for plaintiff/appellant.

Jennings, Strouss & Salmon by Michael A. Beale and Michael J. O'Connor, Phoenix, for defendant/appellee.

HOWARD, Presiding Judge.

This is an appeal from the granting of a motion for summary judgment; therefore, we view the evidence in the light most favorable to appellants. *Transamerica Ins. Group v. Meere*, 143 Ariz. 351, 694 P.2d 181 (1984).

The plaintiff, F.W. Leisure Industries, Inc. (F.W. Leisure) sued Cook Paint and Varnish Company (Cook) for breach of contract arising out of warranties given by Cook to F.W. & Associates, a third party. The trial court granted Cook's motion for summary judgment on the ground that F.W. Leisure was not the proper party to bring this action against Cook. We reverse.

F.W. & Associates was in the business of manufacturing and selling fiberglass whirlpool spas. Cook supplied certain materials to F.W. & Associates until the spring of 1983. The use of these materials allegedly caused a substantial increase in warranty claims against F.W. & Associates by dissatisfied spa purchasers.

In December 1983, F.W. & Associates entered into an "Assets Purchase Agreement" with F.W. Leisure, whereby F.W. Leisure bought the business and assets of F.W. & Associates. The agreement contains the following clause:

"20(h): The parties agree to execute and deliver, as required from time to time, such assurances and other documents as may be reasonably requested by the other party in order to give full effect to the provisions of this Agreement."

An "Assignment of Cause of Action," dated January 16, 1984, to conform to the closing date, purported to assign the cause of action against Cook from F.W. & Associates to F.W. Leisure. Subsequent to the filing of this action, Cook determined through discovery that the assignment had not been prepared or executed on January 16, 1984, but rather sometime between April 1, 1984, and January 1, 1985. Cook argues that the assignment is a fabricated document without legal effect, and therefore the trial court was correct in not considering its effect on the question of F.W. Leisure's status as a proper party plaintiff. Appellant contends that the date of the assignment's execution is unimportant, so long as the assignment is made before trial and there is no prejudice to the other party.

We agree with appellant. The assignment is valid, and F.W. Leisure, as the assignee, is the real party in interest entitled to maintain this action. *Hugh Kelly Enterprises v. Ferry-Morse Seed Co.*, 118 Ariz. 392, 577 P.2d 1 (App.1978). Cook's contention that the assignment is a fabrication of evidence is incorrect. There is no evidence to support this claim, other than the fact that the document was admittedly

**344**

back-dated to conform to the closing date. This does not affect its genuineness nor its validity. See *East Central Oklahoma Elec. Co-op., Inc. v. Oklahoma Gas & Elec. Co.*, 505 P.2d 1324 (Okla.1973); 17 C.J.S. Contracts § 61, at 730–31 (1963).

The trial court erred in granting summary judgment on the ground that F.W. Leisure was not a proper party plaintiff. The judgment is reversed, and the cause is remanded for further proceedings.

HATHAWAY, C.J., and FERNANDEZ, J., concur.